Watson *et al. v.* Finch.

---

## WATSON ET AL. *v.* FINCH.

[No. 18.110.  Filed Nov. 16, 1897.  Rehearing denied March 31, 1898.]

APPEAL.—*Transcript.—Must be Authenticated by Signature of Clerk.* —The transcript of the record of the proceedings in the court below must be authenticated by the signature of the clerk of such court.

From the Marion Superior Court. *Affirmed.*

*Soale & Grimes* and *Smith & Korbly,* for appellants.

*Finch & Finch,* for appellee.

JORDAN, J.—The appellee successfully prosecuted this action in the lower court to foreclose a mortgage upon certain real estate. From the judgment recovered appellants appeal and assign error upon the rulings of the lower court. At the very threshold of the examination of the transcript, in order to ascer-

tain if the rulings of which appellants complain are thereby disclosed, we are confronted by the contention of appellee in his brief that no question is presented for our consideration, for the reason that what purports to be a transcript of the record below is not authenticated by the signature of the clerk of the lower court. Appended to this transcript is a form of a certificate in which it is stated that, "In testimony whereof I do hereunto subscribe my name and affix the seal of said superior court on the 15th day of August, 1896," but no name is subscribed to this certificate. The transcript was filed in this court on November 7, 1896, and no steps have been taken by the appellants to have it properly authenticated. Section 661, Burns' R. S. 1894 (649, R. S. 1881), requires that the clerk on appeal "shall forthwith make out and deliver to the party, at his request, or transmit to the clerk of the Supreme Court, the transcript of the record in the cause * * * certified and sealed." That the statements contained in the certificate should be authenticated by the clerk, subscribing his name thereto and affixing the seal of the court, is the imperative requirement of the above section of the code. See *Conkey* v. *Conder,* 137 Ind. 441, and authorities there cited.

All appeals in this court are tried by the record. It is the only legitimate evidence to establish the rulings of the trial court upon which alleged errors are based. In the absence of the transcript being authenticated, as required by the statute, it cannot be considered or treated as a copy of the original record, and therefore cannot be received or used as evidence to sustain appellants' complaint, and the appeal must fail. *Campbell* v. *State,* 148 Ind. 527.

In *Miller* v. *Evansville, etc., R. R. Co.,* 143 Ind. 570, on page 573, it is said: "The duty rests upon parties

or their counsel, in appeals to this court, to carefully examine the transcript and ascertain if the clerk has properly and correctly prepared the same, and, when necessary, to take timely steps to correct errors therein, and to obtain amendments thereto; and if they suffer judgment to be rendered upon a defective record, the fault must rest upon them." For the reasons stated, the questions which appellants seek to present cannot be sustained, and the judgment is affirmed.