THE NO. 4 FIDELITY BUILDING AND SAVINGS UNION
*v.* BYRD ET AL.

[No. 18,705. Filed January 12, 1900.]

APPEAL. — *Transcript.*— *Must Be Authenticated by Seal of Trial Court.*—The transcript of the record of the proceedings in the trial court must be authenticated by the seal of such court, or it will not be considered on appeal.

From the Howard Superior Court. *Appeal dismissed.*

*L. J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds*, for appellant.

*J. F. Elliott, W. C. Overton* and *B. F. Harness*, for appellees.

MONKS, J.—What purports to be a transcript of the record is not authenticated by the seal of the lower court. It is the imperative requirement of the statute that the seal of the court below must be affixed to the certificate, as well as

that the clerk shall subscribe his name thereto, to present any question to this court. §§661, 7932 Burns 1894, §§649, 5846 R. S. 1881 and Horner 1897; Ewbank's Manual, §117; 2 Ency. Pl. & Pr. 283, and cases cited; *Watson* v. *Finch,* 150 Ind. 183; *Conkey* v. *Conder,* 137 Ind. 441; *Campbell* v. *State,* 148 Ind. 527; *Reid* v. *Houston,* 49 Ind. 181, 182, 183; *Brunt* v. *State,* 36 Ind. 330; *Sandford* v. *Sinton,* 34 Ind. 539; *East Chicago, etc., R. Co.* v. *Siwy,* 23 Ind. App. 564; *Hinton* v. *Brown,* 1 Blackf. 429. In the case last cited the trial court had adopted no seal, and the clerk had affixed his private seal. The court said: "The act of Assembly requires the court to have a seal; but what the seal is, and whether it is intended by them to be temporary or permanent, is immaterial. Their records can only be proved by their seal, and as this paper has no seal it must be rejected."

As was said in *Watson* v. *Finch, supra:* "All appeals in this court are tried by the record. It is the only legitimate evidence to establish the rulings of the trial court upon which alleged errors are based. In the absence of the transcript being authenticated, as required by statute, it cannot be considered or treated as a copy of the original record, and therefore cannot be received or used as evidence to sustain appellant's complaint, and the appeal must fail."

A court speaks by its record, and unless the same is authenticated by the certificate of the clerk and seal of the court, there is no evidence that it is the record of the court. It is the duty of an appellant in an appeal to this court to carefully examine the transcript, and see that the same has been correctly and properly prepared and certified, and attested by the seal of the court, before the same is filed. §§661, 7932 Burns 1894, §§649, 5846 R. S. 1881 and Horner 1897; *Miller* v. *Evansville, etc., R. Co.,* 143 Ind. 570, 573; *Drake* v. *State,* 145 Ind. 210, 219; *Watson* v. *Finch, supra;* Elliott's App. Proc. §208; Ewbank's Manual §117; 2 Ency. Pl. & Pr. 292-293.

The appeal is therefore dismissed.