BOARD OF COMMISSIONERS OF MONROE COUNTY ET AL.
v. THE STATE, EX REL. UNDERWOOD.

[No. 19,174.    Filed May 7, 1901.]

HIGHWAYS.—*Establishment.—Assessment of Damages.—Presumption.*
—Where, as provided by §1 of the act of March 7, 1895, a jury has
been appointed by the board of county commissioners to fix damages
sustained by a landowner for land taken in the construction of a
highway, and by such jury damages were awarded, it will be pre-
sumed, in a collateral proceeding by the landowner against the
board of commissioners to recover such damages, that the landowner
filed a written application with the viewers as provided by the
statute.   *pp. 552-554.*

MANDAMUS.—*To Compel County to Pay Damages Assessed in Estab-
lishment of Highway.*—In an action by a landowner to mandate the
board of commissioners of a county to compel the payment of dam-
ages assessed, in proceedings under §1 of the act of March 7, 1895,
for the establishment of a highway, it is necessary to allege in the
complaint, and prove, and, in case of a special finding, to find that
there is sufficient money in the county treasury for the payment of
the claim sought to be enforced.   *pp. 554, 555.*

APPEAL.—*Clerk's Certificate Must Be Authenticated by Seal.*—The
certificate of the clerk of a circuit court cannot be considered as
authentic, for the purpose of making the evidence a part of the
record on appeal, where it is not impressed with the court's seal.
*pp. 555, 556.*

From the Monroe Circuit Court.   *Reversed.*

J. E. *Henley* and J. B. *Wilson,* for appellants.

R. W. *Miers* and E. *Corr,* for appellee.

JORDAN, J.—This was an action in the lower court by the
State on the relation of Susan M. Underwood against ap-
pellants, the Board of Commissioners and the Auditor of the
county of Monroe, to obtain a writ of mandamus compelling
the issuing of a warrant upon the treasurer of said county
in favor of the relatrix for the sum of $23.    Appellants
waived the issuing of an alternative writ and unsuccessfully
demurred to the petition for insufficiency of facts.    An-
swers and replies were filed, and the issues were duly joined

between the parties.  On the trial there was a special finding of facts and conclusions of law thereon in favor of appellee, and over appellants' motion for a new trial the court adjudged that a peremptory writ be issued as prayed for in the petition.  The errors assigned relate (1) to the overruling of appellants' demurrer to the petition; (2) the error of the court in its conclusions of law, and (3) overruling the motion for a new trial.  The petition alleges substantially the following facts:  On the — day of March, 1896, the relatrix, Underwood, was the owner of certain described real estate situated in Monroe county, Indiana.  The board of commissioners of said county under the amendatory act of 1895 (Acts 1895, p. 143), §6924 Burns Supp. 1897, ordered the improvement of a highway running along the south end of the said tract of land, and appointed viewers who laid the same out for eighty rods along the south side of said land as shown by the report of said viewers, which was filed March 10, 1896.  The viewers failed to assess any damages whatever in favor of the plaintiff, although, as the petition alleges, "they had been so requested to do in all things in compliance with the statute."  On the 19th day of March, 1896, relatrix filed her remonstrance to the report of said viewers, whereby she alleges that the improvement would take five acres of her real estate and necessitate the building of one-half mile of fence and would divide her farm into two parts and thereby cut off the water from the pasture land and injure her said farm generally, and demanded that the board of commissioners of said county have such damages assessed according to law by a jury of five disinterested citizens.  Her demand for a jury was granted by the board and the required number of jurors was selected and appointed, who, after being duly qualified, made their report and filed the same with the board of commissioners of Monroe county on the 5th day of July, 1898, wherein damages were assessed in favor of the relatrix in the sum of $173.  Upon the filing of said report she made a demand

upon said board and the auditor of Monroe county that said report be spread of record in the auditor's office. The petition also alleges that she made a demand on the board of commissioners to allow her the said sum of $173, so assessed by the jury as her damages, and that the auditor be ordered to draw his warrant in her favor upon the county treasury for said amount. The board refused to allow her the said sum of $173, but allowed her the sum of $150 only, and directed the auditor to draw his warrant in her favor for the sum of $150. Thereupon she demanded of the board that they allow the remainder of $23, and direct the auditor to draw his warrant in her favor upon the county treasurer. The board refused to allow or pay the sum of $23, and refused to direct the auditor to draw a warrant for that amount. The board of commissioners caused bonds to be issued for a large sum of money, to wit, $....., and such bonds were sold and the board received the sum of $.....٠ It is averred that there was and now is in the treasury of said county money liable and sufficient for the payment of said claim of $23, with the interest thereon. The prayer of the petitioner is that the court award an alternative writ of mandate commanding the defendants to issue a warrant or direct the auditor to draw his warrant on the treasury of Monroe county for $23, with interest thereon in favor of the relatrix, or show cause why the same should not be done, and that upon a final hearing a peremptory writ be issued commanding the defendants to issue and deliver said warrant or order to the relatrix.

It is insisted by counsel for appellants that the petition is insufficient upon demurrer for the reason that it does not allege that the relatrix filed a written application with the viewers for the assessment of damages which she would sustain by reason of the location of the proposed improved road over and through her lands. Section 1 of the amendatory act of 1895 (Acts 1895, p, 143), §6924 Burns Supp. 1897, under which the improvement of the highway by the

board of commissioners was authorized, after providing for the appointment of the board of viewers to view and locate the road proposed to be improved, further provides: "That such viewers shall not be required to assess damages to any person or persons except minors, idiots or lunatics, in consequence of any appropriation of any private property for the making of said improvement, unless the owner or owners thereof, or their agents, shall have filed a written application with the viewers, giving an accurate description of the premises on which damages are claimed by them within ten days after the completion of the survey of said road or roads by the said viewers and engineer: *And, provided further,* That all applications for damages shall be barred unless they are presented as above specified: *And provided further,* That any person or persons feeling aggrieved by the assessment of damages as aforesaid made, may demand of the commissioners to have the same assessed by jury; which jury shall be composed of five disinterested citizens, two of whom shall be chosen by the commissioners, and two by the claimants, and the fifth by the four thus appointed, who, after being duly sworn for the faithful discharge of their duties, shall examine the premises and determine the question in dispute, and their decision shall be final." Counsel for appellants base their objections to the petition upon the above provision of the statute.

Unquestionably, when a landowner in a proceeding to improve a highway under this statute in the first instance seeks to have an assessment of damages, he must comply with this requirement of the statute. In this action, however, which is a collateral proceeding, it is disclosed by the petition that the matter of the relatrix's damages was presented to the viewers, and although they were by her, in compliance with the statute, requested to assess her damages, they failed to assess any whatever in her favor, and that thereupon the board of commissioners upon her demand

awarded to her the right, under the statute, to have the damages assessed by a jury. It will be seen that the board of commissioners is not empowered by this statute to appoint a jury until after the question of damages has been finally considered by the viewers. The viewers in this case failed, as shown, to assess any damages in favor of the relatrix, and a jury thereafter, as provided by the statute, was appointed for that purpose by the board of commissioners. Consequently, in this collateral proceeding, we must presume that the relatrix complied with the statute in all respects in having the matter of her damages first submitted to the viewers, otherwise the board of commissioners would not have appointed a jury for the purpose of assessing damages as was done. It follows, therefore, that the petition under the facts therein shown, is not open to the objections urged by appellants. In reaching this conclusion, however, we do not decide that in this character of a case it is in any manner essential for the petition to refer to the written application for damages which the statute requires to be filed in the first instance with the viewers in order to present to them the question of damages by an aggrieved landowner. The petition in this case alleges that there is sufficient money in the county treasury liable for the payment of a warrant which the relatrix seeks to have issued. This fact was an essential and issuable one, which was required to be alleged in the petition and proved by the petitioner upon the trial, for the rule is well settled that, under the statutes of this State providing for the construction of free gravel roads or turnpikes, the general funds of a county or township are not liable for the payment of any part of the expenses or damages arising out of the construction of such road; neither is the county or township liable for the payment of bonds issued for such expenses and damages. A particular fund for such purposes, it is held, must be provided as required by the statute. *Spidell* v. *Johnson,* 128 Ind. 235; *Board, etc.,* v. *Harrell,* 147 Ind. 500.

No facts are embraced in the special finding to show that there are any funds whatever in the treasury of Monroe county liable under the law for the payment of the warrant which the court ordered to be issued. It is true that the court finds in its sixth finding "that the contract for the construction of said pike was let to Donaldson and Campbell, and bonds were sold for the purpose of paying for the same on the 8th day of September, 1897, and that all proper and necessary steps were taken in the construction of said pike." This finding, counsel for appellee contend, is sufficient, but it certainly falls far short of showing that there are funds in the county treasury subject to the payment of the claim in controversy, and, until there were such funds, upon no view of the case could the writ of mandate be legitimately awarded to coerce the issuing of the warrant in question. Unaided by presumption, the finding could not be accepted as showing that any of the money arising out of the sale of bonds still remained in the treasury subject to the payment of relatrix's claim. The purpose or object of a special finding is to find facts, and no omission of a fact can be supplied by intendment. A failure to find a fact in favor of the party upon whom the burden of establishing the same rests is equivalent to an express finding against him in respect to such fact. *Cleveland, etc., R. Co.* v. *Miller*, 149 Ind. 490, and authorities cited therein.

As the special finding in this case may be said to be silent in regard to the fact of there being funds in the treasury liable for or subject to the payment of the warrant when issued, and as the establishment of that fact was essential to the relatrix's cause of action, it must follow that the special finding did not authorize the conclusion of law stated thereon in her favor, and therein the court erred.

Other questions depending upon the evidence are discussed by counsel for appellants, but these can not be reviewed, for the reason that the evidence is not properly before us. It appears that on April 24, 1899, during the

March term of the Monroe Circuit Court, appellants'·motion for a new trial was overruled, and final judgment was rendered upon the finding, and sixty days granted to file a. bill of exceptions. It does not appear that the bill embracing the evidence was filed during'.that term. In fact, aside from the special certificate of the clerk, there is nothing to. show that the bill was ever filed either in open court or with.the clerk. This special certificate of the clerk can not .be˜ considered as authentic for any purpose, for the reason that it is not impressed with the .seal of the lower .court. *Conkey* v. *Conder*, 137 Ind. 441; *Watson* v. *Finch*, 150 Ind. 183; *Fidelity, etc., Union* v. *Byrd*, .154 Ind. 47.; Ewbank's Manual, §117.

For the error in the court's conclusion of law heretofore pointed out, the judgment is reversed, and the cause. remanded to the lower court, with instructions to vacate. its judgment, and grant .appellants a new trial.