THE STATE, EX REL. BUNN, *v.* FISHER, MAYOR, ET AL.

[No. 19,649. Filed November 19, 1901.]

MANDAMUS.—*Removal of Policeman.*—*Charges.*—Where a policeman of a city was removed by a majority vote, but less than two-thirds vote of the common council, a petition thereafter for a writ of mandate to compel the mayor and council to prefer charges against him as policeman before removing him is insufficient which fails to show when relator was appointed, for what term or length of time, upon what conditions, or that any demand for a trial or other redress was made, or that he requested a reinstatement, or to have the proceedings set aside.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Mandamus by State on the relation of Watson H. Bunn, against Manuel M. Fisher, Mayor of Mishawaka, and the common council of such city. From a judgment for defendants, relator appeals. *Affirmed.*

*T. E. Howard* and *E. A. Howard,* for appellant.

DOWLING, J.—Petition by the relator for a writ of mandate to compel the mayor and common council of the city of Mishawaka, Indiana, to prefer charges against him as a policeman, give him notice of such charges, grant him a hearing, and allow him to defend before they remove him from the position of a policeman of said city.

It is alleged in the petition and writ that the relator is a

policeman of the city of Mishawaka, duly appointed by the common council of said city; that he has qualified and given bond; and that on the 4th day of March, 1901, the appellees removed him from office by a majority vote, but by less than a two-thirds vote of the common council, without charges being preferred or a hearing of the same. An alternative writ was issued and served, and a demurrer to the petition and writ was sustained. The relator refusing to amend his petition, judgment was rendered on the demurrer. The ruling upon the demurrer is assigned for error.

The complaint and writ must be held insufficient. They fail to show when the relator was appointed, for what term or length of time, upon what conditions, or that any demand for a trial or other redress was made. The petition asks that the common council be required to prefer charges against the relator. Certainly, that body cannot be compelled to do this. There may be no grounds for charges. Again, the relator has already been removed. He does not ask to be reinstated, or to have the proceedings for his removal set aside. For all that appears, he may have consented to the action of the common council.

The general rule in proceedings of this character is thus stated: "The petition for a writ of mandamus should present to the court a *prima facie* case of duty on the part of the defendant to perform the act demanded, and an obligation to perform it; otherwise, the alternative writ will not be granted. It should also appear from the petition that a demand has been made on the defendant to do the thing he is sought to be compelled to do, and that he has refused or neglected to do it. (Stephens' Nisi Prius, 2318, 2319; *People* v. *Walker,* 9 Mich. 328.) And the facts and circumstances under which the petitioner claims the relief prayed should be stated fully, clearly and unreservedly, and not inferentially. (*Commonwealth* v. *Commissioners,* 37 Pa. St. 277)". Moses on Mandamus, 204.

The complaint and writ in this case comply with none of these requirements. Judgment affirmed.