Hesch *v.* Bolin.

## HESCH *v.* BOLIN ET AL.

[No. 4,235.   Filed May 22, 1902.   Rehearing denied November 6, 1902.]

APPEAL AND ERROR.—*Record.*—*Evidence.*—*Certificate of Clerk.*—*Seal of Court.*—Where the certificate of the clerk attached to the transcript following the bill of exceptions containing the evidence does not have the seal of the court affixed thereto, the evidence can not be considered on appeal.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Suit by Katharina Hesch against Jennette Bolin and others to quiet title.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*T. E. Howard, J. G. Orr* and *E. A. Howard,* for appellant. *F. J. L. Meyer,* for appellees.

HENLEY, J.—This was an action to quiet title.   Issues were made and trial had.   Judgment in favor of appellees.

The one question presented in this court arises upon the action of the trial court in overruling appellant's motion for a new trial.   Under this assignment of error the only question discussed relates to the sufficiency of the evidence to sustain the finding and judgment.   Counsel for appellees contends that the question raised can not be considered because the bill of exceptions which contains the evidence is not properly in the record, and cite in support of their position *Johnson* v. *Johnson,* 156 Ind. 592, in which the Supreme Court, by Monks, J., said, after holding that the bill of exceptions was not in the record for another reason: The "bill of exceptions is not in the record and can not be considered for another reason.   After the general certificate of the clerk that the 'transcript contains true and com-

plete copies of all the papers and order-book entries in the cause,' there is attached to the transcript what purports to be an original bill of exceptions containing the evidence. Two special certificates of the clerk of the trial court are attached at the close of the original bill of exceptions containing the evidence, but the seal of the trial court is not affixed to either of said certificates. Without such seal, said certificates are of no effect for any purpose." See, also, *Fidelity, etc., Union* v. *Byrd,* 154 Ind. 47; *Carpenter* v. *Schaeffer,* 154 Ind. 694; *Board, etc.,* v. *Slate,* 156 Ind. 550.

In the case at bar, the certificate of the clerk attached to the transcript follows the bill of exceptions, but it does not have affixed to it the seal of the trial court. Under the authorities cited, the bill of exceptions is not properly in the record and the errors complained of by appellant are therefore not presented.

Judgment affirmed.