ADVISORY BOARD OF HARRISON TOWNSHIP *v.* STATE, EX REL. SMITH.

[No. 20,689.  Filed February 23, 1906.]

1. PLEADING. — *Complaint.* — *Mandamus.* — *Advisory Boards.* — *Schools.*—A petition for a writ of mandate to compel a township advisory board to "appropriate" money to defray the township's proportionate part of the cost of building a schoolhouse in a "new joint school district" is bad where it fails to show that such township had funds which could be appropriated, since if such sum was not available in money such board could act only under §8085f Burns 1901, Acts 1901, p. 415, §1, providing for the borrowing of money for such purpose.   p. 238.

2. SAME.—*Mandamus.—Demanding Excessive Relief.*—Where a relator in mandamus, in the mandatory clause of his alternative writ, includes a command for greater relief than that to which he is entitled under the allegations of his petition and writ, it renders such writ insufficient on demurrer or motion to quash. p. 239.

| 166 | 237 |
| 170 | 234 |
| 170 | 236 |
| f170 | 237 |
| f170 | 541 |

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by the State of Indiana, on the relation of Zadoc Smith, against the Advisory Board of Harrison Township. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Cox & Andrews,* for appellant.
*Frank D. Butler,* for appellee.

Monks, J.—This action was brought by the relator to compel appellant by writ of mandamus to make an appropriation to build a schoolhouse in "a new joint school district." The alternative writ of mandate commanded appellant to make "an appropriation" of a "sufficient sum of money to defray Harrison township's proportionate share of the cost for the purchase of the site and the erection of a schoolhouse in the new joint school district of Harrison and Clay townships, as prayed for by a majority of the school patrons of school districts one and two of said townships, as set forth in the petition as granted and ordered by the county superintendent of said county on appeal, or show cause," etc. Appellant's demurrer for want of facts to the complaint and said alternative writ was overruled. Appellants filed a return to the alternative writ, and appellee's demurrer thereto for want of facts was sustained, and, appellant refusing to plead further, a judgment and order for a peremptory writ was entered against appellant.

It is insisted by appellant that the court below erred in overruling the demurrer to the complaint and alternative writ. The General Assembly, by §§8085a-8085l

1. Burns 1901, Acts 1899, p. 150, Acts 1901, p. 415, created the township advisory boards and gave them all their powers. *Advisory Board, etc.,* v. *State, ex rel.* (1905), 164 Ind. 295, 301. Section six of said act (§8085f, *supra*) provides for a special session of the advisory board at which, in case of emergency, the trustee may be authorized to borrow money to meet such emergency. Assuming, with-

out deciding, that it was the duty of appellant to make the appropriation if there were funds of said school township not appropriated available for that purpose, the court erred in overruling the demurrer to the complaint and alternative writ because it was not alleged therein that there were such funds available for that purpose. Unless there were such funds, the advisory board could not make an "appropriation" thereof. *Board, etc., v. State, ex rel.* (1901), 156 Ind. 550, 554, 555; *State, ex rel., v. Fisher* (1901), 157 Ind. 412, 413.

It is well settled in this State that the including in the mandatory clause of an alternative writ of a command for greater relief than the relator is entitled to under the allegations of his petition and writ renders the same insufficient as against a demurrer for want of facts or a motion to quash. *State, ex rel., v. Connersville Nat. Gas Co.* (1904), 163 Ind. 563, 568, and cases cited.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint and alternative writ.