NELSON, TRUSTEE, v. STATE, EX REL. MARTIN ET AL.

[No. 20,778. Filed May 28, 1907.]

1. SCHOOLS.—*Pupils.*—*Free Conveyance.*—*Mandamus.*—Prior to 1907, parents could not, by mandamus, compel township school trustees to furnish conveyance to pupils. p. 492.

2. SAME.—*Establishment.*—*Trustees.*—*Decisions.*—*Appeal from.* —*Mandamus.*—Before parents can mandate a township trustee to establish a school, they must appeal, under §§6028, 6029 Burns 1901, §§4537, 4538 R. S. 1881, to the county superintendent. p. 492.

3. SAME.—*Pupils.*—*Conveyance.*—*Statutes.*—A right of transportation is given to certain pupils, by the act of 1907 (Acts 1907, p. 444). p. 492.

From White Circuit Court; *Charles W. Hanley,* Special Judge.

Action by the State of Indiana, on the relation of Gus Martin and others, against John R. Nelson, as trustee of West Point School Township. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. B. Sellers,* for appellant.

*George F. Palmer* and *Million & Hanna,* for appellee.

GILLETT, J.—This was a proceeding by way of mandate against the trustee of West Point school township, in White county. The alternative writ commanded him to furnish school facilities to relators' children of school age. A demurrer to the writ was overruled, and an exception reserved. This ruling is assigned as error.

It appears from the petition that the schoolhouse where relators' children attended school during previous years was destroyed by fire and not rebuilt, and that for a number of years thereafter such children were furnished a conveyance by appellant in going to and from another school, but that this practice was afterwards discontinued. So far as appears from the petition (and as is affirmatively shown in the return), the school which such children formerly attended was legally abandoned. It is difficult, if not impossible, to determine the precise relief which relators seek—whether it is to have their children transported to and from school, or to have a school established in the vicinity of their homes. We have but recently held that the trustee cannot, under the law as it existed when this action was brought, be compelled by mandate to furnish a conveyance. *State, ex rel., v. Jackson* (1907), *ante,* 384. If the establishment of a new school district is what is sought, it is enough to say that the matter complained of is of an administrative character, and, before resorting to the courts, relators should have sought a remedy, after the adverse decision of appellant, through the due course of appeal to the higher school authorities. §§6028, 6029 Burns 1901, §4537, 4538 R. S. 1881; *State, ex rel., v. Seely* (1904), 163 Ind. 244; *Advisory Board, etc., v. State, ex rel.* (1905), 164 Ind. 295; *State, ex rel., v. Black* (1906), 166 Ind. 138.

We may add that under the act of March 11, 1907 (Acts 1907, p. 444), relators will doubtless find a sufficient remedy for their grievance.

Judgment reversed, with a direction to sustain the demurrer to the alternative writ.