STATE, EX REL. GOOD, v. JOHN, TRUSTEE, ET AL.

[No. 21,147. Filed March 20, 1908.]

1. SCHOOLS.—*Graded.—Joint.*—The building of a graded school by one school corporation is not governed by the law providing for the erection of joint school buildings, joint graded school buildings, or graded high school buildings. p. 235.

2. MANDAMUS.—*Writ.—Commanding in the Alternative.—Schools. —Erection of Buildings.*—An alternative writ of mandate commanding a township advisory board to appropriate money to pay for the construction of a school building, or to authorize the trustee to issue warrants or bonds therefor, is bad on a motion to quash. p. 235.

3. SAME.—*Writ.—Including Too Much.*—An alternative writ commanding greater relief than the relator is entitled to by his petition, is insufficient as against a demurrer or a motion to quash. p. 236.

4. SAME.—*Compelling Performance of Official Duty.*—In order to compel an officer, by a writ of mandate, to perform an act, it must appear that it is his duty to perform such act, and that he has the power to perform such act. p. 236.

5. SAME.—*Township Advisory Boards.—Erection of School Buildings.—Necessary Allegations.*—A petition for a writ of mandate compelling a township advisory board to furnish money with which to erect a school building is bad, where it fails to show that there was money available for such purpose. p. 237.

6. CONSTITUTIONAL LAW.—*Debt.*—*School Corporations.*—*Advisory Boards.*—Township advisory boards cannot create a debt against their townships in excess of the two per cent limit. p. 237.

7. MANDAMUS.—*Allegations.*—*Schools.*—*Debts.*—A petition in mandate and the alternative writ to compel a township advisory board to issue warrants or bonds for the erection of a school building, must allege that the two per cent debt limit will not thereby be exceeded. p. 237.

8. APPEAL.—*Consideration of.*—*Searching Record for Grounds of Affirmance.*—The Supreme Court will not search the record for grounds for the reversal of a judgment, but will for its affirmance. p. 238.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by the State of Indiana, on the relation of George Good, against Francis M. John, as township trustee, and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Shelby & Worley,* for appellant.

*B. S. Higgins, Roy W. Adney* and *T. J. Terhune,* for appellees.

MONKS, C. J.—This proceeding was brought by the relator to compel the advisory board of Marion township, Boone county, by writ of mandamus to perform an alleged duty.

A demurrer for want of facts to the application and alternative writ of mandamus was sustained, and, the relator refusing to amend, judgment was rendered in favor of appellees. The action of the court below in sustaining said demurrer is assigned as error.

The General Assembly by §§9590-9598, 9600-9602 Burns 1908, Acts 1899, p. 150, Acts 1901, p. 415; §§6618, 9585 Burns 1908, Acts 1903, p. 431, Acts 1905, p. 33, created the township advisory boards and gave them their powers. *Advisory Board, etc.,* v. *State, ex rel.* (1906), 166 Ind. 237; *Advisory Board, etc.,* v. *State, ex rel.* (1905), 164 Ind. 295, 301.

As it is proposed in this case to erect a graded school building for the use, and at the expense, of one school town-

State, ex rel., _v._ John—170 Ind. 233.

1. ship, the proceeding is not governed by the provisions of the statutes concerning the erection of joint school buildings, or joint graded school buildings, by more than one school corporation, or concerning the erection of a graded high school building by a single township.

2. The alternative writ of mandate commanded that said advisory board "proceed without delay and make the necessary and proper appropriation   *   *   *   to pay the expenses of constructing a new graded school building," or, that said advisory board "proceed without delay and make and enter of record, as required by law, an order authorizing and directing the trustee of said township to issue township warrants or bonds for the purpose of borrowing money and creating a fund with which to pay the expenses of building said new graded school building," or "show cause why the same should not be done." It will be observed that said writ required said advisory board to make an appropriation to pay the expense of constructing said building, or to make an order authorizing the township trustee to issue township warrants or bonds for the purpose of borrowing money to pay the expense of constructing said building. It has been held that an alternative writ which commands an officer to do several acts in the alternative, as to pay a judgment, or to issue bonds for its payment, or to levy a tax for its payment, the acts being distinct in their nature and the writ designating neither one in particular, a motion to quash the writ will be sustained. This is because the mandatory clause of the writ should expressly and clearly state the precise thing which is required of the defendant. High, Extraordinary Legal Rem. (3d ed.), §539; 2 Spelling, Injunctions (2d ed.), §1698; Tapping, Mandamus, *327; _State, ex rel._, v. _City of Milwaukee_ (1867), 22 Wis. 397; _State, ex rel._, v. _Trustees, etc._ (1875), 61 Mo. 155, 159; _People, ex rel._, v. _Brooks_ (1870), 57 Ill. 142.

The rule is well settled in this State, that including in the

mandatory clause of the alternative writ a command for greater relief than the relator is entitled to under the allegations of the petition and writ renders the same insufficient as against a demurrer or a motion to quash. *State, ex rel.,* v. *Connersville Nat. Gas Co.* (1903), 163 Ind. 563, 568, and cases cited; *Applegate* v. *State, ex rel.* (1902), 158 Ind. 119, 123, and authorities cited; *Trant* v. *State, ex rel.* (1895), 140 Ind. 414, 421, and authorities cited; High, Extraordinary Legal Rem. (3d ed.), §§539, 548; Tapping, Mandamus, *327.

To render the application and alternative writ sufficient to withstand a demurrer for want of facts, it must also appear therefrom that it is the officer's duty and that he has the power to perform the act sought to be enforced. *Advisory Board, etc.,* v. *State, ex rel.* (1906), 166 Ind. 237; *Weir* v. *State, ex rel.* (1903), 161 Ind. 435; *Logansport, etc., R. Co.* v. *Groniger* (1875), 51 Ind. 383; *Hoxie* v. *County Commissioners, etc.* (1845), 25 Me. 333; *City of Bangor* v. *County Commissioners, etc.* (1895), 87 Me. 294, 32 Atl. 903; *Houston, etc., R. Co.* v. *Randolph* (1859), 24 Tex. 317; *Arberry* v. *Beavers* (1851), 6 Tex. 457, 55 Am. Dec. 791; *Watkins* v. *Huff* (1901), (Tex. Civ. App.), 63 S. W. 922, 924, and cases cited; 2 Spelling, Injunctions (2d ed.), §1644; 26 Cyc. Law and Proc., 433-437, and note 22, p. 437. It was said in *Hoxie* v. *County Commissioners, etc., supra,* on page 334: "A writ of mandamus to an inferior court will not be granted, unless the petition alleges facts sufficient, if proved, to show that such court has omitted a manifest duty. It must contain not only the affirmative allegation of proceedings, necessary to entitle the party to the process prayed for, but it must also be averred, that other facts, which would justify the omission complained of, do not exist."

When the alleged duty is in reference to the appropriation or payment of money by a public officer or body, facts must

be averred showing that there is money which could
5. be legally appropriated for that purpose. *Advisory
Board, etc.*, v. *State, ex rel.* (1906), 166 Ind. 237, 239;
*Board, etc.*, v. *State, ex rel.* (1901), 156 Ind. 550, 554, 555;
*Board, etc.*, v. *State, ex rel.* (1889), 42 Kan. 327, 22 Pac.
326; *State* v. *Town of Somerset* (1890), 44 Minn. 549, 47 N.
W. 163; *Hall* v. *People, ex rel.* (1870), 57 Ill. 307, 316; 26
Cyc. Law and Proc., 439, note 28. It was held by this court
in *Advisory Board, etc.*, v. *State, ex rel., supra,* page 239,
that the advisory board of a township has no power to make
an appropriation for the construction of a schoolhouse, un-
less there are funds on hand·not already appropriated avail-
able for that purpose; and that the application and alterna-
tive writ which failed to allege said facts were insufficient on
demurrer. No facts,, showing that there were funds of said
Marion township on hand, not already appropriated, avail-
able for the construction of the schoolhouse in· this case,
are alleged in the application and alternative writ. It is
clear that so far as said alternative writ seeks to com-
pel an appropriation of money by said advisory board it is
insufficient.

Said advisory board had no power to create or authorize
the creation of any indebtedness against said town-
6. ship in excess of the debt limit fixed by article 13 of
the Constitution of this State.

Under the authorities cited, it is evident that, considered
as a proceeding to compel said advisory board to authorize
the township trustee to issue township warrants or
7. bonds, the application and alternative writ are insuf-
ficient, because facts are not alleged showing that the
debt limit fixed by said article 13 of the Constitution of this
State will not be thereby exceeded. It follows that the court
did not err in sustaining the demurrer to the application and
alternative writ. As the demurrer was properly sustained
for the reasons given, we need not consider or determine

whether the township advisory board can be compelled to appropriate money or to authorize the creation of an indebtedness against the township to build a township graded school building.

The relator insists ''that appellees, under rule twenty-three of the court, are confined to the propositions stated in their brief, and that all other reasons, if any, for sustaining the action of the trial court are waived.'' We cannot agree with the relator in this contention. While this court will not search the record in a case for errors not pointed out by appellant in his brief, it may and does search the record to discover grounds upon which the judgment of the court below may be affirmed. *Kraus* v. *Lehman* (1908), *post,* 408, and cases cited; *Wilson* v. *State* (1901), 156 Ind. 631, 636, 637, and cases cited; *Martin* v. *Martin* (1881), 74 Ind. 207.

Finding no error, the judgment is affirmed.