## DUNTEN, TRUSTEE, v. THE STATE OF INDIANA, EX REL. EMRICK ET AL.

[No. 21,225. Filed March 18, 1909.]

SCHOOLS.—*Transporting Children to.*—*Funds.*—*Mandamus.*—*Complaint.*—In order to mandate a school trustee to provide transportation for pupils to the schools, it is necessary to show that he has funds available for such purpose.

From Superior Court of Allen County; *Wilmer Leonard,* Special Judge.

Action by The State of Indiana, on the relation of John Emrick and others, against G. Ellis Dunten, as Trustee of Perry School Township of Allen County. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Ballou & Hoffman,* for appellant.
*Erwin & Underwood,* for appellee.

JORDAN, C. J.—Action by the State, on the relation of John Emrick and three other persons, to obtain a writ of mandate compelling appellant, as trustee of Perry school township of Allen county, Indiana, to provide and maintain means of transportation for the children of the relators herein to the different schools of said township, under the provisions of an act of the legislature, entitled "An act concerning the discontinuance of public schools, providing for the transportation of pupils as necessitated thereby," etc., approved March 11, 1907 (Acts 1907, p. 444, §§6422, 6423 Burns 1908.) The issuing of an alternative writ was waived, and the defendant filed an answer to the petition. In his answer, among other things, he set up as a defense the facts that he had no funds in his hands which could be appropriated and devoted to the payment of the expenses of conveying the children of the relators to the schools of Perry township, and that the advisory board of said Perry township had made no appropriation of funds to be used for and

devoted to that purpose. The issues as joined were tried by the court, and on request the court made a special finding of facts and stated conclusions of law thereon favorable to the relators. To each of these conclusions the defendant excepted. The court rendered its judgment, whereby it awarded a peremptory writ of mandate as follows: "It is therefore considered, adjudged and decreed by the court that a peremptory writ of mandate issue out of and under the seal of this court to the defendant, G. Ellis Dunten, trustee of Perry school township of Allen county, Indiana, directing and commanding him as such trustee to furnish proper and suitable conveyance, and transport to the schools of said township the children of relators, viz. [Here the names of said children are set out.] It is further considered, adjudged and decreed by the court that said defendant pay the costs of this action."

From this judgment appellant appealed in term time. The court, among other facts, found the following: (1) That the cost of purchasing a wagon or providing other means for transporting relators' children to the nearest school for the remainder of the school year of 1907 would be about $300; (2) that the defendant, as trustee, has now on hand in the special school fund the sum of $58.21, and Perry school township is now obligated to the full extent of the money on hand in said special school fund; (3) that the defendant has no money or funds now on hand which he could lawfully devote to the payment of the expenses necessarily incident to the transportation of the relators' children to the nearest school; (4) at the regular meeting of the advisory board of said Perry township the members of the advisory board advised against transporting the relators' children to school, but made no record of its decision; (5) that the estimate of expenditures for the school year of 1907-8 did not include any item for transporting the children of relators to school. At the time of the annual meeting of said advisory board in April, 1906, at which time the levy was

fixed for the school year of 1907-8, the defendant and the advisory board had no knowledge that they might be required to transport said children to school, for the reason that the act of 1907, *supra,* had not at that time been passed by the legislature, and was not in force until April 10, 1907. Consequently no estimate was included in the levy made at said time, and which is the last levy that has been made by the advisory board pursuant to law.

Among the conclusions of law stated by the court upon the special findings are the following: (1) That the inadequacy of the special funds to pay the expenses of transportation of said children is no sufficient defense to the prayer for mandate herein.

(2) That said school No. 5 and school district No. 5 of said township, as formerly enumerated, was discontinued in May, 1902, within the meaning of the act of 1907, *supra.*

(5) That it is the duty, under said act, of the defendant trustee of said Perry township to provide suitable conveyances, as by law required, for the transportation of said children.

(6) That a writ of mandate ought to issue herein, as prayed for in the petitioners' complaint.

Undoubtedly the court erred in its conclusions of law. The facts, as found by the court, that appellant had no funds on hand which he could lawfully appropriate to the payment of the expenses of conveying the children of relators to school, and that the township advisory board had made no appropriation of money for that purpose alone, must defeat this action, for the existence of such facts at the time this suit was instituted fully justified appellant in his refusal to discharge the alleged duty which the relators sought to coerce him to do by writ of mandate. In order for them to succeed in this action, it was essential to show not only that it was the duty of appellant, as trustee of the school township, to perform the act sought to be enforced, but also that he, as such officer, at the time in question, had the lawful power

and authority to perform the act or discharge the duty in controversy. See *State, ex rel.,* v. *John* (1908), 170 Ind. 233, and the many authorities cited, in which case the court said: ''When the alleged duty is in reference to the appropriation or payment of money by a public officer or body, facts must be averred showing that there is money which could be legally appropriated for that purpose.''

Under the facts the court erred in its conclusions of law, for which error the judgment is reversed, and the cause remanded to the lower court, with instructions to restate its conclusions of law in favor of defendant, and to render its judgment accordingly.