## THE STATE OF INDIANA, EX REL. HARKRIDER, *v.* HARRINGTON, TRUSTEE.

[No. 21,591. Filed November 29, 1910.]

1. MANDAMUS. —*Petition.* —*Filing Demurrer with Answer.* —*Waiver.*—*Saving Question of, on Appeal.*—By filing an answer in a mandamus case before a ruling is made on a pending demurrer to the petition, the defendant waives a ruling thereon; but if the parties nevertheless argue such demurrer and secure a ruling thereon, without objection, no question of waiver can be presented on appeal. p. 732.

2. MANDAMUS.—*Officers.*—*Power to Perform.*—*Petition.*—A petition to mandate a public officer to perform an official act must show that he has the legal power to perform the act. p. 733.

3. SCHOOLS. —*Township Trustees.* —*Decisions.* —*Appeal.* —*Bond.*— An appeal may be taken from the decision of a township trustee relative to school matters, but an appeal bond with approved security must be filed therefor, with the trustee, within thirty days from the date of the decision. p. 733.

4. MANDAMUS.—*Township Trustees.*—*Granting Appeal to County Superintendent.*—*Petition.*—A petition to mandate a township

trustee to grant an appeal from his decision to the county superintendent, must allege that a proper appeal bond was filed with him. p. 733.

From Benton Circuit Court; *James T Saunderson*, Judge.

Action by The State of Indiana, on the relation of William R. Harkrider, against H. L. Harrington, as trustee of Center School Township of Benton County. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Will R. Wood,* for appellant.

*B. B. Berry* and *Elmore Barce,* for appellee.

MONKS, J.—This proceeding was brought by the relator to compel appellee, by writ of mandate, to perform an alleged legal duty. It is alleged in the complaint and the alternative writ that the relator "is a resident of Center school township, of Benton county, and has under his care and control a minor child of school age entitled to all the rights, privileges and immunities of the public schools, and of all the grades of the public schools, including the high school warranted by the laws of the State of Indiana;" that on July 19, 1909, the relator, "together with thirty-two other citizens of said school township, entitled to the privileges of the schools of said township, petitioned defendant, H. L. Harrington, asking, requesting and praying that a graded school for the teaching of English, history, algebra, Latin and other languages, such as pertain to a high school course of teaching and training, be established and taught in district No. 5, in Center township, of Benton county, of which said township said petitioners were then and there residents, and authorized to file said petition;" that said petition was, on July 26, 1909, denied, and an appeal prayed to the county superintendent, which was on July 29, 1909, refused. Wherefore your relator prays the court for a writ of mandamus, requiring said defendant to grant the prayer of said petition for said appeal to said county superintendent, and for an order directing said defendant to grant said appeal,

and to transmit the petition filed for the establishment of said high school, together with all the other papers with reference thereto filed with him, and all the orders and decisions in reference thereto, and for all other proper relief.

The record shows that appellee filed a demurrer for want of facts to the complaint and alternative writ, "also a motion to quash the alternative writ," and "also a return to said alternative writ, which return is in two paragraphs." "After argument of counsel as to the sufficiency of the complaint and the writ, the court takes the matter under advisement." Afterwards, on November 12, 1909, the court sustained said demurrer, to which ruling the relator excepted, and refusing to plead further, the court rendered judgment in favor of appellee. The only error assigned calls in question the action of the court in sustaining said demurrer.

The relator first insists that "a party cannot at the same time demur to and answer a complaint. By answering he waives his demurrer." Citing *Hosier* v. *Eliason* (1860), 14 Ind. 523; *City of Jeffersonville* v. *Steam Ferry Boat, etc.* (1870), 35 Ind. 19; *Earhart* v. *Farmers Creamery* (1897), 148 Ind. 79. It may be conceded that appellee, by filing the return to the alternative writ after he filed his demurrer to said writ, waived a ruling on said demurrer. But there is nothing in the record showing that the relator objected to the consideration or determination by the trial court of the issue of law presented by said demurrer to the alternative writ, on account of its having been waived by the filing of said return; on the contrary, the record shows that, after said demurrer and return were filed, the issue of law presented by said demurrer to the alternative writ was argued by counsel and submitted to the court, and that afterwards the court sustained said demurrer to the alternative writ and rendered final judgment against the relator. It is well settled that objections like the one under consideration, not seasonably made in the trial court, are waived and completely lost, because they cannot

be made for the first time on appeal. Elliott, App. Proc. §§674, 675; *Pulley* v. *State* (1910), *ante,* 542, and cases cited. It follows that the relator having argued and submitted the issue of law made by the demurrer as to the sufficiency of the alternative writ, without making any objection to the consideration of said issue on the ground of waiver, said objection was waived, and cannot be made for the first time in this court. The only question to determine is whether said alternative writ stated facts sufficient to constitute a cause of action against appellee.

It is well settled, that to be sufficient the alternative writ must allege facts showing that it is the officer's duty and that he has the power to perform the act sought to be 2. enforced, and that to avail himself of a statute the relator must, by allegation and proof, bring himself within its terms. *State, ex rel.,* v. *John* (1908), 170 Ind. 233, and cases cited; *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302, 306, and cases cited; *Town of Windfall City* v. *State, ex rel.* (1910), *ante,* 311, and cases cited; *Weir* v. *State, ex rel.* (1903), 161 Ind. 435, 438.

An appeal may be taken from the decision of a township trustee relative to school matters to the county superintendent (§6667 Burns 1908, §4537 R. S. 1881), but it must 3. be taken within thirty days from the rendition of such decision, and an appeal bond filed with said township trustee with security to be approved by the trustee. §§1790, 1791 Burns 1908, §§1499, 1500 R. S. 1881; *Weir* v. *State, ex rel., supra; Edwards* v. *State, ex rel.* (1895), 143 Ind. 84, 89. It is evident that an appeal can only be taken by complying with the conditions prescribed by said sections as to the time of taking said appeal and filing the appeal bond with proper security.

It is not averred in the alternative writ nor in the complaint therefor that any appeal bond, with sufficient 4. security, was filed with or tendered to appellee for his approval. It follows that said alternative writ

was insufficient for this reason. Other objections are urged to the sufficiency of the alternative writ, but as it is insufficient for the reason stated, it is not necessary to consider them.

Judgment affirmed.