## STATE OF INDIANA, EX REL. CROW, v. ETCHESON, TRUSTEE, ET AL.

[No. 22,276. Filed November 26, 1912.]

1. APPEAL.— *Questions Reviewable.— Statutes.— Constitutionality.* —The Supreme Court will not pass on the constitutionality of a statute where the decision of the cause can properly be placed on other grounds. p. 595.

2. MANDAMUS. — *Procedure. — Right to Mandamus. — Statutes.* — While the act of March, 1911 (Acts 1911 p. 541), was intended to simplify the procedure in mandamus cases, the action is still limited in its nature and may be prosecuted only "against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station." p. 596.

3. MANDAMUS.— *Complaint.— Sufficiency.— Former Practice.—* The rule under the former practice in mandamus cases which required the facts stated in the alternative writ to show a clear right to the thing demanded, and a correlative duty, specifically enjoined by law or resulting from office, trust or station, to be resting on

the defendant to perform the act, together with the power to perform it, must be applied in testing the sufficiency of a complaint for mandamus under the act of March, 1911 (Acts 1911 p. 541), providing for the institution of mandamus proceedings by complaint and summons.   pp. 596, 597.

4.   MANDAMUS.—*Action Involving Appropriation or Expenditure of Public Funds.—Complaint.—Allegations.*—Where mandamus is resorted to against a public officer to compel action involving the appropriation or expenditure of public funds, facts must be averred showing that there is money that can be legally appropriated and expended for the purpose, and, to show that it can be legally appropriated, the facts must show that it is available and not already appropriated.   p. 597.

5.   SCHOOLS AND SCHOOL DISTRICTS.—*Trustee.—Transportation of Pupils.— Mandamus.— Complaint.— Sufficiency.—* A complaint in mandamus, filed in 1911, to compel a school trustee to furnish transportation for plaintiff's children to and from school, alleging that such trustee had in his hands $290 of the special school fund of 1910 which had been appropriated and was available for the purpose of transporting pupils, that in 1911 the sum of $800 had been appropriated to miscellaneous uses and is available for the transportation of pupils, and further alleging that there were insufficient funds available in the school township to pay for the transportation of all pupils who were entitled thereto, and that it would require the sum of $500 therefor, which it was asked that the advisory board be ordered to appropriate, was insufficient for failure to show that there was money in the special school fund, unappropriated for other lawful purposes, which could be appropriated for the transportation of pupils.   p. 597.

From Clay Circuit Court, *John M. Rawley,* Judge.

Action by the State of Indiana, on the relation of William A. Crow, against Daniel V. Etcheson, Trustee of Monroe School Township of Putnam County, and others.   From a judgment for defendants, the relator appeals.   *Affirmed.*

*Lyon & Peck* and *John H. James,* for appellant.
*C. C. Gillen,* for appellees.

Cox, J.—This was an action for mandate to compel the trustee of Monroe school township of Putnam county to provide transportation for the children of relator of school age and to transport them to and from school, and to require

the township advisory board to appropriate money out of the funds of the school township to pay therefor. The trustee and the members of the advisory board demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. In a memorandum made a part of the demurrer, in compliance with the proviso to §2 of the act approved March 4, 1911 (Acts 1911 p. 415), numerous particulars in which the complaint failed to state a cause of action were specifically stated. The demurrer was sustained, and as relator refused to plead further, judgment was rendered against him that he take nothing and that appellees recover their costs. From that judgment the relator brings this appeal, and assigns the ruling on demurrer as error.

Prior to the passage of the act of March 11, 1907 (Acts 1907 p. 444, §§6422, 6423 Burns 1908), township trustees were under no legal duty to furnish free transportation to school children to and from the public schools. *State, ex rel.,* v. *Jackson* (1907), 168 Ind. 384, 81 N. E. 62; *Nelson* v. *State, ex rel.* (1907), 168 Ind. 491, 81 N. E. 486.

Section one of the above act provides that township trustees shall discontinue and abandon all schools under their charge at which the average daily attendance during the last preceding school year has been twelve pupils or fewer; and that they may discontinue and abandon all schools at which the average daily attendance during the last preceding school year has been fifteen pupils or fewer. This section was amended by an act approved February 27, 1909 (Acts 1909 p. 73), by the addition of certain provisos, but the above provisions were not changed. Section two of the act is as follows: "It shall be the duty of the township trustees to provide for the education of such pupils as are affected by such or any former discontinuance in other schools, and they shall provide and maintain means of transportation for all such pupils as live at a greater distance than two miles, and for all pupils between the ages of six (6) and

twelve (12) that live less than two miles and more than one mile from the schools to which they may be transferred as a result of such discontinuance. Such transportation shall be in comfortable and safe conveyances. The drivers of such conveyances shall furnish the teams therefor, and shall use every care for the safety of the children under their charge, and shall maintain discipline in such conveyances. Restrictions as to the use of public highways shall not apply to such conveyances. The expenses necessitated by the carrying into effect the provisions of this act shall be paid from the special school fund.''

The complaint of the relator seeks to enforce a right of transportation of his children of proper age to and from school, which, it is claimed, comes to him from the provisions of the act, and to compel appellees to provide funds for the transportation of, and to transport his children as enjoined by these provisions.

One of the specific objections to the sufficiency of the complaint, made in the memorandum, which was a part of the demurrer to it, was that §6423, *supra,* is class legislation, and in violation of article 1, §23, of the State Constitution. Over this question is earnestly waged the chief controversy in the case, although a number of other objections to the complaint are specifically made. It is the contention of appellees on this question that the section under consideration grants to a class of school children in the State privileges which are denied to other school children of the State in like condition and circumstances. Or, to state it more concretely, the section provides the privilege of transportation to pupils who, by reason of a discontinuance of a nearer school which they attended, have been transferred to one which is one mile or more from their home, while such privilege is withheld from all other pupils of the same age who may live the same distance from the nearest

1. school. We decline to determine whether the section is within the constitutional inhibition, for the rule if uni-

form, that where the decision of a cause can properly be placed on other grounds, the constitutional validity of a statute will not be passed on. *Kinney* v. *Citizens Water, etc., Co.* (1909), 173 Ind. 252, 90 N. E. 129, 26 L. R. A. (N. S.) 195; Indiana Digest 728, and cases cited. The complaint before us is subject to at least one of the other objections, and that being so, the action of the trial court in sustaining the demurrer must be sustained and the judgment affirmed. This makes it unnecessary and improper to determine the constitutional question raised.

The act of March, 1911 (Acts 1911 p. 541), was intended to simplify the procedure in mandamus cases, and to make it conform more nearly to that obtaining in ordinary 2. civil actions. This was mainly accomplished by abolishing both the alternative and peremptory writs and the technical niceties which had attached to them. But the action is still limited in its nature, and may be prosecuted only "against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."

Under the old practice, the alternative writ, if issued, stood as the complaint, and the facts stated in it, aided, if necessary, by the facts alleged in the petition there- 3. for, were required to show a clear right in the appellant to the thing demanded, and a correlative duty, specifically enjoined by law or resulting from office, trust or station, to be resting on the defendant to perform the act, together with the power to perform it. *State, ex rel.,* v. *Jackson, supra; State, ex rel.,* v. *John* (1908), 170 Ind. 233, 84 N. E. 1; *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 86 N. E. 49, and cases there cited; *Dunten* v. *State, ex rel.* (1909), 172 Ind. 59, 87 N. E. 733; *State, ex rel.,* v. *Harrington* (1910), 174 Ind. 730, 93 N. E. 1; *Owen County Council* v. *State, ex rel.* (1911), 175 Ind. 610, 95 N. E. 253, and cases there cited.

In cases similar to this, where mandamus was resorted to in order to compel action on the part of a public officer involving the appropriation or expenditure of public funds, facts were required to be averred showing that there was money which could be legally appropriated and expended for the purpose. *Board, etc., v. State, ex rel.* (1901), 156 Ind. 550, 60 N. E. 344; *Advisory Board, etc., v. State, ex rel.* (1906), 166 Ind. 237, 76 N. E. 986; *State, ex rel., v. John, supra; State, ex rel., v. Anderson* (1908), 170 Ind. 540, 85 N. E. 17; *Dunten v. State, ex rel., supra; Waters v. State, ex rel.* (1909), 172 Ind. 251, 88 N. E. 67; *Owen County Council v. State, ex rel., supra.*

To show that the money could be legally appropriated for the particular purpose for which it was asked, it was necessary to allege facts showing that there was money on hand in the fund available, and which was not already appropriated. *State, ex rel., v. John, supra,* and cases cited on p. 237; *Owen County Council v. State, ex rel., supra.* In the case last cited it was held that where the alternative writ was waived, and a demurrer was addressed to the petition, the sufficiency of the facts alleged therein must be tested by this rule. Manifestly the same rules must be applied to a complaint in the action for mandate under the new procedure. When these rules are applied to the complaint before us, its allegations of fact must be held insufficient to state a cause of action.

The cost of transportation of pupils under the provisions of §6423, *supra,* is required by that section to be paid out of the special school fund. It is alleged in the complaint of the relator, which was filed in December, 1911, that the trustee then had in his hands $290 of the special school fund of 1910, which had been appropriated by the advisory board of the township for the purpose of the transportation of such pupils, and that such sum was available for the purpose. It is also alleged that in the year 1911 such board levied for special school purposes and ap-

propriated the sum of $800 thereof to miscellaneous uses, which fund it is alleged "is available for the transportation of the school children of said school of said school township by reason of the abandonment of schools of said school township." Following this it is alleged that there is an insufficient amount of funds available in said school township for the transportation of all the school children of school age to their respective schools, who, under the law, are entitled to such transportation; that relator's children are entitled to be transported by the trustee; that there are not sufficient funds to pay the costs of such transportation, and that it will require the sum of $500 therefor, which, it is asked, the court order the advisory board to appropriate. Even if those allegations in the complaint, which have relation to the existence of available funds, which are mere conclusions, be taken into consideration, it is not made to appear that the trustee had in his possession and under his control, which had been appropriated for that purpose by the advisory board, funds enough to provide and maintain means of transportation for all the pupils of the school township of the class affected by the provisions of §6423, supra. In fact, it will be seen, the language used is to the contrary. It has been expressly held by this court that this renders bad an alternative writ of mandate against a trustee to compel him to provide and maintain means of transportation for pupils under this section. Waters v. State, ex rel., supra.

At most the averments of the complaint above set out show the appropriation of $290 for transportation purposes, and that $800 more has been appropriated to miscellaneous uses. The averment that this latter sum is available to provide and maintain transportation for pupils is a mere conclusion. No fact is alleged showing that any part of it may be properly appropriated to the purpose contemplated by the complaint. All of it, in fact, may have been appropriated to other miscellaneous uses of the school township. There is an entire absence from the complaint of any allega-

tions of facts that there is money in the special school fund, unappropriated for other lawful purposes, which could be appropriated by the advisory board in obedience to the mandate of any judgment which the complaint demanded. Therefore, under the rule declared by the cases above cited, the complaint did not state a cause of action against the advisory board.

The complaint may be deficient in some of the other particulars pointed out in the memorandum to the demurrer, but further consideration is not necessary to the affirmance of the judgment. See, however, *Teeple* v. *State, ex rel., supra.*

Judgment affirmed.

NOTE.—Reported in 99 N. E. 996. See, also, under (1) 8 Cyc. 798; (2) 26 Cyc. 157; (3, 4) 26 Cyc. 433. As to when mandamus is the proper remedy against public officers, see 98 Am. St. 863. As to the validity and construction of a statute, ordinance, etc., providing for the transportation of pupils to and from school, see Ann. Cas. 1912 C. 762.