## SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY v. FIELDS.

### [No. 23,117.    Filed October 10, 1916.]

1. COURTS. — *Jurisdiction.* — *Constitutional Questions.* — *Statute.* — Where, in an action to reform an insurance contract and to recover damages for loss, the constitutionality of §4622g Burns 1914, Acts 1911 p. 525, authorizing the recovery of attorney's fees in certain insurance cases, is questioned, the jurisdiction of the appeal is in the Supreme Court under Acts 1915 p. 149, providing that appeals in cases involving the constitutionality of a statute shall be taken directly to the Supreme Court.    p. 231.

2. INSURANCE.—*Fire Insurance.*—*Proof of Loss.*—*Waiver.*—Where a fire insurance policy requires preliminary proofs of loss, a denial of liability by the insurer waives a performance of the act prescribed.    p. 233.

3. INSURANCE.—*Fire Insurance.*—*Action.*—*Recovery of Attorney's Fees.*—*Statute.*—The procedure provided by the statute (§4622g Burns 1914, Acts 1911 p. 525) in relation to the proofs of loss to insurance companies and the arbitrament of the amount thereof has no application where the insurer denies the existence of the insurance contract, and the provision of such statute conferring upon the assured the right to recover attorney's fees applies only in cases where liability is not wholly denied, and where, after preliminary proofs of loss and demand for an appraisement, the selection of appraisers and their failure to agree, the selection of a second set of appraisers and their disagreement, there is a failure of the latter to select a second umpire within the prescribed time.    p. 233.

4. STATUTES.—*Construction.*—Statutes in derogation of common-law rights are strictly construed.    p. 233.

From Monroe Circuit Court; *James B. Wilson*, Judge.

Action by Len S. Fields and another against the Springfield Fire and Marine Insurance Company. From a judgment for plaintiff, the defendant appeals.    *Affirmed conditionally.*

*Bates, Harding, Edgerton & Bates* and *J. E. Henley*, for appellant.

*Edwin Corr*, for appellees.

MORRIS, J.—Appellees, Len S. Fields and Len B. Fields, father and son, instituted this action

against appellant to reform, because of mutual mistake, a fire insurance policy, and to recover damages for a loss. The complaint alleges that appellees owned a house and lot in Bloomington; that the house was of the value of $6,000; that appellant insured the same in the sum of $2,000, but, by mutual mistake, the policy was written in the name of Len S. Fields only; that subsequently the house was completely destroyed by an accidental fire. Appellant, by its answer, denied any liability and averred that it never issued any policy on the property. The cause was tried by the court without a jury, and there was a finding and judgment for appellees, reforming the alleged contract as prayed, and awarding damages for $2,200, including the sum of $200 as a reasonable attorney's fee for appellees' counsel.

Appellant's motion for a new trial states that the finding is contrary to law; that it is not supported by sufficient evidence; that the court erred in assessing the amount of recovery, the same being too high. It further seeks to challenge the recovery for attorney's fees on the ground that chapter 216 of the Acts of 1911 (Acts 1911 p. 525, §4622g Burns 1914), if applicable, is unconstitutional and void. Because of this latter claim, jurisdiction of the appeal is in this court. Acts 1915 p. 149.

Appellant earnestly contends that the finding for appellees on the question of the issuance of the policy is not supported by sufficient evidence. An examination of the record discloses some evidence to warrant the finding. It is further claimed that the evidence in support of the demand for a reformation of the contract is not sufficiently clear and satisfactory to warrant the granting of such relief in a court of equity. We are of the opinion that the

evidence is sufficient as against the objections urged.

A recovery for attorney's fees was adjudged under chapter 216 of the Acts of 1911. Acts 1911 p. 525, *supra*. Appellant claims that the act is not applicable to the facts in issue here; but, if so, that the act is unconstitutional and void. The act in question is entitled as one "providing for the manner of making proof of loss in case of the destruction of property covered by fire, lightning or tornado insurance, for the appraisement of such loss, and for attorney's fees." Where policies require preliminary proofs of loss, the statute makes certain provisions in regard to such proofs; and further provides that if, after the same shall be made, there may be a failure to agree on the amount of damage, either party may demand an appraisement of the loss in dispute. A method of procedure in the appaisement is set out, followed by this: "Should there be a failure to select such umpire in the time herein fixed, or should there be a failure to agree on the loss sustained by the insured within the time herein expressed, then two other competent and disinterested appraisers shall be named within the time and manner as the first appraisers, who shall proceed in the same manner as the first named appraisers, to estimate the loss of the insured and selection of the umpire, and upon failure to select such second umpire within the time herein specified, the insured shall have a right to institute suit to recover any loss sustained under such policy, with reasonable attorney's fees: *Provided*, No attorney's fees shall be recovered, if said company shall have tendered the insured an amount equal to more than the judgment recovered. *Provided further*, This act shall constitute and be a part of every policy issued

after the taking effect of this act, whether contained therein or not.'

Where a fire policy requires preliminary proofs of loss, a denial of liability by the insurer waives a performance of the act described. *Germania*

2. *Fire Ins. Co.* v. *Pitcher* (1902), 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003. The record here discloses that at the outset appellant denied

3. all liability and declared that it never issued any policy. The procedure provided by the statute in relation to proof of loss and arbitrament of amount thereof had no proper application where the insurer, as here, denied the existence, at any time, of an insurance contract. The language of the statute appears on the face thereof as conferring a right to sue and recover attorney's fees only in cases where liability is not wholly denied, and where, after preliminary proofs of loss and demand for an appraisement, the selection of appraisers and their failure to agree, the selection of a second set of appraisers and their disagreement, there is a failure of the latter to select a second umpire within the prescribed time.

At common law there was no right of the insured to recover attorney's fees. Statutes in derogation of common-law rights are strictly construed.

4. If the legislature intended to confer the right to recover attorney's fees in all suits on fire insurance policies, it wholly failed

3. in its selection of appropriate language to denote such purpose. We are of the opinion that the court erred in awarding a recovery of attorney's fees. Our construction of the statute renders it unnecessary and inappropriate to determine the constitutional question presented. *State* v. *Etcheson* (1912), 178 Ind. 592, 596, 99 N. E. 996.

The judgment is affirmed on condition that appellees, within thirty days, remit $200 of the judgment, as of the date thereof; otherwise, it will be reversed, with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 113 N. E. 756. Requisites and sufficiency of affidavit of loss, 23 Am. St. 259. See under (2) 19 Cyc 867; (3) 19 Cyc 972.