EVERLY ET AL. *v.* BALL ET AL.

[No. 8,608.    Filed April 16, 1915.    Rehearing denied October 5, 1915.    Transfer denied November 3, 1915.]

1.  CONTRACTS.— *Action.— Complaint.— Sufficiency.* — A complaint showing that plaintiffs furnished to defendants, contractors for a school building, certain materials under a contract whereby defendants were to deliver in payment a valid warrant on the township, and that a warrant for the specified amount was delivered to plaintiffs with representations that it was a valid warrant, but that at the time of its issuance the indebtedness of the township exceeded the constitutional limit, so that the warrant was invalid and created no indebtedness against the township, all of which defendants knew, and of which the plaintiffs were ignorant at the time of accepting such warrant, and seeking to recover the value of such materials, was sufficient on demurrer as against the objection that it

did not show a township indebtedness in excess of the limit at the time the debt to plaintiffs was created, and that there was not at that time sufficient money in the treasury of the township to pay same. p. 11.

2. PAYMENT.—*What Constitutes.*—The delivery of a township warrant and its acceptance by plaintiffs in ignorance of the fact that it was invalid and created no liability against the township, was not a payment by defendants for materials furnished under an agreement that they were to pay for same by the delivery of a valid and merchantable warrant on the township. p. 13.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by Elijah Ball and another against William Everly and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Harley A. Logan,* for appellants.
*Charles Kellison,* for appellees.

MORAN, J.—Appellees, Elijah Ball and George Ball, doing business under the firm name of Ball & Son, recovered a judgment in the Marshall Circuit Court for $2,056.17, on an indebtedness alleged to be due them from appellants, William Everly and William L. Wallace, partners doing business under the firm name of Everly & Wallace.

In the month of September, 1908, appellants were awarded a contract for the construction of a school building at the town of Orland, Millgrove Township, Steuben County, Indiana. By virtue of a contract appellees agreed to furnish to appellants the mill work to be used in the construction of the building. The questions presented for consideration grow out of this contract. The complaint is in two paragraphs. It is sufficient to say as to the first paragraph that it is upon the common count for merchandise sold and delivered by appellees to appellants at their special instance and request. The second paragraph pleads the facts specifically; the material allegations are: In October, 1908, ap-

pellees sold appellants certain articles of trimmings, staircases, window jambs, doors, inside and outside fixtures and furnishings, and other articles set forth in a bill of particulars for the sum of $1,785.62, to be delivered at the town of Orland, Indiana, as soon as possible. The sum of $1,725 was to be paid in good legal warrants of Millgrove Township, Steuben County, Indiana, and the balance of the purchase price less freight charges, to be paid in lawful money. The material was delivered and accepted by appellants in accordance with this agreement. On December 30, 1908, appellants attempted to deliver to appellees a certain warrant on Millgrove Township, in the sum of $1,725, bearing that date. The total assessed value of taxable property of Millgrove Township for 1908, was $582,830, and the indebtedness on December 30, 1908, was in excess of $13,525. The warrant was wholly void and was not a warrant of Millgrove Township, for the reason that the sum of $1,725 named in the warrant was in excess of the lawful indebtedness of Millgrove Township, when added to its existing indebtedness. By the terms of the agreement entered into between appellants and appellees, appellants agreed to deliver to appellees good and valid warrants on Millgrove Township in the sum of $1,725, which they have failed to do, and have failed to pay appellees the sum of $1,785.62. At the time of making the contract appellants represented that the warrants issued by Millgrove Township were perfectly good and merchantable, and that banks and business men in Indiana were accepting and cashing the same; that they were gilt-edged securities, and if appellees would accept the warrant for $1,-725, they could readily cash it without danger of any loss. Appellees were at the time nonresidents of the State of Indiana, and wholly ignorant of the

financial condition of Millgrove Township, or its taxable property and indebtedness. Appellees believed the representations made and relied upon the same and agreed to accept said pretended warrant believing it to be a good and lawful warrant of the township. At the time of making the representations and the delivery of the pretended warrant, appellants well knew that appellees were ignorant that the warrant was without value. And appellants further knew that appellees in accepting the warrant did so, relying upon the false and fraudulent representations of appellants that the warrant was good and legal. After the delivery of the pretended warrant, appellees made diligent effort to cash the same without success, and this was the first information they had that the warrant was without value, and was not the legal warrant of Millgrove Township. On October 7, 1909, appellees tendered the pretended warrant to appellants and demanded the sum of $1,725 or a legal warrant. Appellants refused to pay the claim or to deliver the warrant as demanded, and have ever since refused to pay the claim or deliver the warrant. There is due appellees from appellants upon the agreement and because of said false representations the sum of $2,000.

The errors assigned are: (1) the court erred in overruling appellants' demurrer to the second paragraph of appellees' complaint; (2) the complaint does not state facts sufficient to constitute a cause of action against either or both of appellants; (3) the court erred in overruling appellants' motion in arrest of judgment. The second and third assignments of error have been waived by appellants, and this leaves for consideration the sufficiency of the second paragraph of complaint when tested by a demurrer for the want of facts.

Appellees contend that the paragraph of com-

plaint discloses that appellants were to deliver to them in part payment for the material to be

1. furnished, a valid warrant on Millgrove Township, Steuben County, Indiana, and on which they could realize the sum of $1,725. But instead, after furnishing the material aforesaid, there was placed in their hands a warrant, which created no indebtedness against the township by reason of the fact that the debt evidenced by the warrant was in excess of the limitation fixed by the Constitution of the State of Indiana. Our State Constitution was amended in 1881 as to the limitation of indebtedness to be contracted by a political or municipal corporation as follows: "No political or municipal corporation in this State shall ever become indebted, in any manner or for any purpose, to an amount, in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for state and county taxes previous to the incurring of such indebtedness; and all bonds or obligations, in excess of such amount, given by such corporation, shall be void: *Provided,* That in time of war, foreign invasion, or other great public calamity, on petition of a majority of the property owners, in number and value, within the limits of such corporation, the public authorities in their discretion, may incur obligations necessary for the public protection and defense to such an amount as may be requested in such petition." Art. 13, §1, Constitution. On the part of the appellants it is earnestly contended that to make the paragraph of complaint sufficient to withstand a demurrer for want of facts, it must disclose by proper averment that at the time the indebtedness represented by the warrant was created, which was a month before the warrant was issued, there was not at that time sufficient money in the

treasury to pay the same; and that the debt sought
to be created exceeded the limitation as fixed by the
Constitution; and that the true test is, What was
the indebtedness at the time the debt was created,
and not when the warrant was issued?    In other
words, it is contended that the debt was not created
by the issuing of the warrant within the meaning
of the provisions of the Constitution.    In support of
this contention, the following decisions are cited by
appellants:    *City of Laporte* v. *Gamewell, etc., Tel.
Co.* (1896), 146 Ind. 466, 45 N. E. 588, 58 Am. St.
359, 35 L. R. A. 686; *Brashear* v. *City of Madison*
(1895), 142 Ind. 685, 36 N. E. 252, 42 N. E. 349,
33 L. R. A. 474; *City of Logansport* v. *Jordan* (1908),
171 Ind. 121, 85 N. E. 959; *Graham* v. *City of
Spokane* (1898), 19 Wash. 447, 53 Pac. 714; *Sackett*
v. *City of New Albany* (1883), 88 Ind. 473, 45 Am.
Rep. 467; *City of Valparaiso* v. *Gardner* (1884), 97
Ind. 1, 49 Am. Rep. 416; *French* v. *City of Burling-
ton* (1876), 42 Iowa 614; *Crogster* v. *Bayfield County*
(1898), 99 Wis. 1, 74 N. W. 635, 77 N. W. 167;
*City of East St. Louis* v. *Flannigan* (1887), 26 Ill.
App. 449; *Ness* v. *Board, etc.* (1912), 178 Ind. 221,
98 N. E. 33, 1002; *Beard* v. *City of Hopkinsville*
(1894), 95 Ky. 239, 24 S. W. 872, 44 Am. St. 222,
23 L. R. A. 402; *Dively* v. *City of Cedar Falls* (1869),
27 Iowa 227.

An examination of each decision cited above dis-
closes that they present either directly or indirectly
a controversy between individuals and the munici-
pality.    A majority of them are where taxpayers
enjoin the municipality from entering into con-
tracts, which would create an indebtedness beyond
the limitation fixed by the Constitution.    None of
the decisions cited involves the principle under con-
sideration in this cause.    This is not a suit by a tax-
payer seeking injunctive relief, nor an action at law

to enforce a claim or demand against the township. Appellees did not contract with the township to furnish the material for the school building described in the complaint, and for which they seek a recovery. They contracted with appellants and appellants agreed to pay appellees in part by a township warrant.

It is alleged that the total assessed value of the taxable property of Millgrove Township for the year 1908 was $582,830, and that the total indebtedness of the township on December 30, 1908, was in excess of $13,525, and on this date a warrant was issued for $1,725 on Millgrove Township and delivered by appellants to appellees. At this time, not including the amount of the warrant, the indebtedness of the township was more than two per centum on the value of the taxable property within the township. These are allegations of fact and disclose that the township had exceeded at the time the warrant was issued the debt limit fixed by Art. 13 of the Constitution of the State, *supra*. In *State, ex rel.* v. *John* (1908), 170 Ind. 233, 84 N. E. 1, it was said, "Said advisory board had no power to create or authorize the creation of any indebtedness against said township in excess of the debt limit fixed by Art. 13 of the Constitution of this State."

There is the further allegation that appellees 2. immediately upon learning of the invalidity of the warrant, tendered the same back to appellants and demanded the amount of money for which it was issued, or a valid warrant. The delivery of the warrant to the appellees by the appellants under the circumstances did not amount to a payment or discharge of the indebtedness. *Cox* v. *Hayes* (1897), 18 Ind. App. 220, 47 N. E. 844; 30 Cyc 1214; *Pollak Bros.* v. *Niall-Herin Co.* (1911), 137 Ga. 23, 72 S. E. 415, 35 L. R. A. (N.

S.) 71; *Godfrey* v. *Crisler* (1889), 121 Ind. 203, 22 N. E. 999. In *Godfrey* v. *Crislẽr, supra,* Mitchell, J., says: "The acceptance from a debtor of forged paper, or paper which the maker had no capacity to execute, in ignorance of the facts, will not discharge a prior liability, even though there be an express agreement to that effect."

There are many other allegations in this paragraph of complaint in reference to appellants' misrepresentations as to the value of the warrant, and the reliance by appellees upon the representations so made; and that appellants knew that appellees were relying upon the statements so made; but, without taking up each of the allegations separately, we are of the opinion that this paragraph of complaint states facts sufficient to withstand a demurrer, and that the trial court did not err in overruling the same.

Judgment is therefore affirmed.

NOTE.—Reported in 108 N. E. 543. As to when acceptance of checks constitutes payment, see 69 Am. St. 346. On the effect of payment by void and worthless paper, see 35 L. R. A. (N. S.) 71. See, also, under (2) 30 Cyc 1193.