# ANGOLA BRICK AND TILE COMPANY *v.* MILLGROVE SCHOOL TOWNSHIP.

## [No. 10,453.   Filed June 25, 1920.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Township Indebtedness.*—*Determination of Amount.*—*Money on Hand to Retire Bonds.*—Money on hand with which to retire township school bonds does not operate to reduce the indebtedness represented by the bonds, and such bonded indebtedness can only be considered as reduced when the bonds have actually been retired. p. 560.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Township Warrant.*—*Payment Out of Bond Fund.*—A township warrant given in payment of materials used in the construction of a schoolhouse cannot be paid out of a bond fund created to retire the bonds issued for the erection of the building. p. 560.

3. SCHOOLS AND SCHOOL DISTRICTS.—*School Township.*—*Limitation of Indebtedness.*—*Computation of Debt.*—*Township Warrant.*—*"Debt".*—A township warrant given in payment of materials used in the construction of a school building constitutes a debt and an obligation to pay money on the part of the township, and is void and illegal at the time of its issuance where it increases the indebtedness of the township beyond that permitted by Art. 13 of the Constitution (§220 Burns 1914); a debt, in its general sense being a specific sum of money due from one person to another, and denoting not only the obligation of the debtor to pay, but the right of the creditor to receive and enforce payment. p. 561.

4. TOWNS.—*Township Trustee.*—*Powers.*—A township trustee is a special agent possessing only statutory powers, and can only bind the township when authorized by statute and in the manner specified therein, and all who deal with him must, at their peril, take notice of the extent of his authority. p. 561.

5. MUNICIPAL CORPORATIONS.—*Powers.*—*Notice.*—Municipal corporations have only such powers as are conferred upon them by law. p. 561.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Construction of School Buildings.*—*Warrants for Materials.*—*Payment from General Fund.*—There is a distinction between the ordinary and necessary expenses of a township and those incurred for the erection of schoolhouses and other permanent buildings, so that a warrant issued in payment of materials used in the erection of a school cannot be considered as having been given in the payment of an ordinary current expense, payable from the general expense fund of the township. p. 562.

Angola, etc., Tile Co. *v.* Millgrove School Tp.—73 Ind. App. 557.

7. SCHOOLS AND SCHOOL DISTRICTS.—*Township Advisory Board.* —*Powers.*—*Creation of Indebtedness.*—*Constitutional Limitation.*—The advisory board of a school township has no power to create or authorize the creation of any indebtedness against the township in excess of the debt limit fixed by Art. 13 of the Constitution. p. 562.

From Lagrange Circuit Court; *James S. Drake,* Judge.

Action by the Angola Brick and Tile Company against Millgrove School Township. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles Kellison* and *Harley A. Logan,* for appellant. *Best & Yotter,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover the sum of $1,125 and interest upon what is denominated in the pleadings as the township warrant of appellee. Demurrer to the complaint sustained, and appellant, refusing to plead over and abiding the ruling of the court, duly excepted, and prosecutes this appeal, assigning as error the action of the court in sustaining the demurrer.

The facts as set forth in the complaint which are necessary to a determination of the questions here presented briefly stated are as follows: On July 17, 1908, the advisory board of Millgrove school township, Steuben county, Indiana, by resolution declared that an emergency existed for the expenditure of $18,000 for the erection of a new school building in said township, and authorized the issuance of the bonds of said township in the total sum of $11,500, said bonds to be of the denomination of $460 each, five thereof to be retired each year after issuance, and provided for the levy of an annual tax sufficient to retire said bonds and interest as they became due; that at said meeting the advisory board authorized and directed the township trustee to issue the warrants of said township for the

remainder of said sum of $18,000 not raised by said bond issue; that, on August 27, 1908, a contract for the construction of said school building was entered into with Everly and Wallace; that during the course of the construction appellant furnished goods, brick and tile for use in the construction of said building of the value of $1,125; that on October 8, 1908, and after said materials had all been furnished by appellant, appellee issued to appellant in full payment thereof the warrant of said township in the sum of $1,125, due one year after date, with interest at the rate of six per cent. and attorneys fees; that the taxable property within Millgrove township for the year 1908 was $586,905, two per centum of which is $11,738.10; that on October 8, 1908, said township was indebted as follows:

Bonds, principal and accrued interest...$11,554.62
    Warrants issued for the construction of said building as follows:

| | |
|---|---|
| Griffith & Fair, architects | 510.00 |
| Citizens State Bank | 400.00 |
| Angola Brick & Tile Co. | 1,125.00 |

          Total ......................$13,589.62

That there were funds in the hands of the trustee available to pay debts for the construction of said building as follows:

| | |
|---|---|
| Special School Fund | $184.77 |
| Bond Fund | 9,460.00 |

                          $9,644.77

That the sum of $2,310.92 was to be paid, and was paid out of the special levy made by said advisory board levied in 1908 as aforesaid.

There is but one question presented for the consideration of this court, namely, whether or not the warrant for $1,125 was, at the time it was issued, a good and valid evidence of indebtedness and an obligation on the

560    APPELLATE COURT OF INDIANA,

Angola, etc., Tile Co. *v.* Millgrove School Tp.—73 Ind. App. 557.

part of Millgrove township to pay the same at maturity. The complaint shows that upon the issuance of said warrant the indebtedness of said township was $13,589.67, which was $851.57 more than the amount allowed by Art. 13 of the state Constitution. Appellant contends: (1) That the sum of $2,310.92, being the first year's installment of said bond issue, together with accrued interest thereon, at the time of the issuance of the warrant in question, should be deducted from the total amount of the township indebtedness and considered paid in determining whether or not the warrant in question comes within the statutory inhibition; and (2) that the warrant when matured should have been paid out of the bond fund created for the purpose of retiring the issue of $11,500 aforesaid.

With reference to the first contention, while the complaint alleges that the sum of $2,310.92 was to be paid and was paid out of the special levy for 1908, there is no allegation that the funds derived from the levy for 1908 were in the hands of the trustee at the time of the issuance of the warrant sued upon, and, even if they were in fact, it would make no difference because the complaint alleges that the total of said bond issue was outstanding at the time of the issuance of the warrant, and the law is well settled that money on hand with which to retire bonds does not operate to reduce the indebtedness represented by such bonds, and that such bonded indebtedness can only be considered as reduced when the bonds have actually been retired. The second contention is without merit. The bond fund was created for the purpose of retiring the issue of $11,500, together with interest, by an annual levy of a sufficient amount to discharge one-fifth thereof, and the trustee could no more have paid the warrant in question out of this fund than he could have the general current expenses of the township.

Article 13 of the Constitution fixes a limit to the indebtedness that may be created by any school township. Warrants, such as the one involved herein, constitute a debt and an obligation to pay money on the part of the township, and the warrant in question was void and illegal at the time of its issuance because it increased the indebtedness of such township beyond that permitted by the state Constitution.

It has been uniformly held in this state that a township trustee is a special agent, possessing only statutory powers, and can only bind the township when authorized by statute and in the manner specified therein, and that all who deal with him must, at their peril, take notice of the extent of his authority, and that municipal corporations have only such powers as are conferred upon them by law. *Union School Tp.* v. *First Nat. Bank, etc.* (1885), 102 Ind. 464, 2 N. E. 194; *Bloomington School Tp.* v. *Nat. School Furnishing Co.* (1886), 107 Ind. 43, 7 N. E. 760; *Honey Creek School Tp.* v. *Barnes* (1889), 119 Ind. 213, 21 N. E. 747; *Julian* v. *State* (1890), 122 Ind. 68, 23 N. E. 690; *Mitchelltree School Tp.* v. *Hall* (1904), 163 Ind. 667, 72 N. E. 641; *City of Laporte* v. *Gamewell Fire Alarm Tel. Co.* (1896), 146 Ind. 466, 475, 45 N. E. 588, 35 L. R. A. 686, 58 Am. St. 359.

That the instrument in question is a debt within the meaning of the Constitution is without question. A debt in its general sense is a specific sum of money due from one person to another, and denotes not only the obligation of the debtor to pay but the right of the creditor to receive and enforce payment. *City of Laporte* v. *Gamewell Fire Alarm Tel. Co., supra; State, ex rel.* v. *Hawes* (1887), 112 Ind. 323, 14 N. E. 87; *City of Valparaiso* v. *Gardner* (1884),

97 Ind. 1, 49 Am. Rep. 416; *Crowder* v. *Town of Sullivan* (1891), 128 Ind. 486, 28 N. E. 94, 13 L. R. A. 647.

The only way the warrant in question could have been considered without the inhibition of the Constitution was for the same to have been payable out of a special fund created for that purpose, and then only when the amount thereof added to the already outstanding indebtedness of the township did not exceed the Constitutional limit. There is a distinction between the ordinary and necessary business expenses of a township and those incurred for the erection of school houses and other permanent buildings. *City of South Bend* v. *Reynolds* (1900), 155 Ind. 70, 57 N. E. 706, 49 L. R. A. 795; *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 71 N. E. 208, 66 L. R. A. 95, 106 Am. St. 201, 2 Ann. Cas. 978; *City of Logansport* v. *Jordan* (1908), 171 Ind. 121, 85 N. E. 959, 37 L. R. A. (N. S.) 1036, 17 Ann. Cas. 415. The warrant could therefore not have been considered as having been given in payment of an ordinary current expense, payable from the general expense fund of the township. There is no allegation in the complaint that the warrant was payable out of, or drawn against, any funds on hands save those in the special bond fund.

As was said by the Supreme Court of this state in the case of *State, ex rel.* v. *John* (1908), 170 Ind. 233, 84 N. E. 1: "Said advisory board had no power to create or authorize the creation of any indebtedness against said township in excess of the debt limit fixed by article 13 of the Constitution of this state." See, also, *Everly* v. *Ball* (1915), 60 Ind. App. 7, 108 N. E. 543.

The warrant in question was void at the time of its issuance. The fact that the township officers sought to evade the law by issuing warrants for part of the indebtedness to be created in the construction of such

school building did not place them in any better position than if bonds had been originally issued for the entire amount; any warrant or bond which brought the indebtedness of said township over that allowed by the Constitution was void.

Demurrer to the complaint was rightly sustained. Judgment affirmed.

Dausman, J., dissents.