AMERICAN NATIONAL BANK & TRUST CO., Plaintiffs,

v.

ST. JOSEPH VALLEY BANK, Defendant, Third Party Plaintiff-Appellee,

v.

John W. AUGUSTINE and Nancy Lee Augustine, Third Party Defendants-Appellants.

No. 3–778A162.

Court of Appeals of Indiana, Fourth District.

July 12, 1979.

Donald C. Swanson, Jr., Fort Wayne, for third-party defendants-appellants.

Geoffrey K. Church, Church, Metreiver, Warrick & Weaver, Elkhart, for third-party plaintiff-appellee.

YOUNG, Judge.

## ON PETITION FOR REHEARING

The petitioner has raised two issues: first, whether there was sufficient evidence to support the judgment on the theory of unjust enrichment to the Augustines; and second, whether the judgment may be upheld on the theory of estoppel.

■ The petitioner directs our attention to evidence which it claims supports a finding that the Augustines were indebted to Hanover in the amount of the check mistakenly paid by the petitioner-Bank. This evidence would support a finding that under the contract the Augustines promised to pay such an amount. This is not the issue however. In *Angola Brick & Tile Co. v. Millgrove School Twp.,* (1920) 73 Ind.App. 557, 127 N.E. 855, 857, a debt is defined generally as "a specific sum of money due from one person to another, and denotes, not only the obligation of the debtor to pay, but *the right of the creditor to receive and enforce payment.*" (emphasis added). In the present case, the Augustines promised to pay for, and Hanover promised to build, a house. These promises are consideration for each other and mutually dependent. For this reason the failure of one party to perform discharges the other. *Kroeger v. Kastner,* (1937) 212 Ind. 649, 10 N.E.2d 902; *see generally* 17A C.J.S. *Contracts* § 452 (1963). This conditional aspect of mutual promises forming a contract prevents their being debt, since neither party can enforce the other's promise without performing his own. *Accord, Indian Refining Co. v. Taylor* (1924) 195 Ind. 223, 143 N.E. 682 (an oil inspector's fees became debt—an obligation to pay a sum certain—at the time of the inspection). A breaching party may recover, apart from the contract, in *quantum meruit.*

A party who has breached a contract cannot take advantage of his breach; and he cannot set it up to relieve him from his contractual obligations. Thus, where a party has breached a contract, even an executory contract, he may not ordinarily recover back money paid thereunder. However, where, despite a breach, performance of a building contract is completed and the value of the property is enhanced thereby, the recipient of the improvement is liable for the value of the improvement.

17A C.J.S. *Contracts* § 458 (1963). Hanover was not entitled to keep payments made pursuant to the contract without performing its part. The evidence that Hanover did not perform its promise is undeniable, thus the Augustines' promise under the contract never became a debt to Hanover and Hanover was not entitled to keep the proceeds of the check mistakenly credited to its account beyond the value of the work actually done. It is this latter value for which the Augustines were indebted to Hanover and it is this latter value which has not been sufficiently established so as to support the judgment.

■ The petitioner argues that John Augustine waived any claim he had against Hanover by his indorsement of the check and admitted an indebtedness to Hanover in that amount. Waiver is an intentional relinquishment of a known right. *Lafayette Car Wash, Inc. v. Boes,* (1972) 258 Ind. 498, 282 N.E.2d 837. That which is alleged to have been waived must have been in existence at the time of waiver. *Doan v. City of Fort Wayne,* (1969) 253 Ind. 131, 252 N.E.2d 415. Mere silence, acquiescence or inactivity is not waiver unless there was a duty to speak or act. *Grenchik v. State ex rel. Pavlo,* (1978) Ind.App., 373 N.E.2d 189. The burden of proof lies on the party asserting the waiver. *Id.* There is no direct evidence as to what John knew or intended. Unless these elements can reasonably be inferred from the facts of John's admitted suspicions, his indorsement of the draw, and his knowledge that Hanover would attempt to deposit the draw without all necessary signatures, the judgment cannot be sustained on this theory. We believe it cannot. John's actions are no more than what was

expected under the contract. There is no indication that he knew all construction would cease. There is no indication that he considered the check to represent the value of what had been done up to that time and that he would not demand its return if Hanover abandoned the contract. There is simply nothing to indicate otherwise than that John intended to perform his promise under the contract and hoped that Hanover would also, notwithstanding some anxiety on that point.

We find that the evidence does not support the judgment, under the theory of waiver.

Rehearing denied.

CHIPMAN, P. J., and MILLER, J., concur.