**V–LINE CORP., INC., Plaintiff,**

**v.**

**FEDERATED DEPARTMENT STORES, INC., and J.V.B. Industries, Inc., Defendants.**

**No. IP 87–187–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 15, 1988.

On Motion for Attorney Fees Jan. 29, 1988.

Thomas A. Withrow, Sally Bradley Peacock, Henderson, Dailey, Withrow & DeVoe, Indianapolis, Ind., for plaintiff.

Robert M. Kincaid, Jr., Randall Rabe, Baker & Hostetler, Columbus, Ohio, for Federated Dept. Stores, Inc.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW ON MOTION FOR
PARTIAL SUMMARY JUDGMENT,
AND NOTICE OF HEARING ON AT-
TORNEYS' FEES

TINDER, District Judge.

This cause comes before the court on the plaintiff's motion for partial summary judgment with respect to Count I of the complaint to foreclose mechanic's lien and for damages against defendant, Federated Department Stores, Inc. ("Federated"). The court, having reviewed the memoranda submitted by the parties, now GRANTS the plaintiff's motion for partial summary judgment.

This is an action by the materialman, V–Line, Inc. ("V–Line"), to recover amounts owed for drywall and related materials it supplied in the renovation of a Lazarus store in Indianapolis, Indiana. The contractor, JVB Industries, Inc. ("JVB"), took delivery of the materials. JVB was under contract with TAB Industries, Inc. ("TAB"), which in turn was under contract with Federated, the owner of the property. The cost of the materials is still unpaid and the plaintiff, V–Line, seeks recovery from Federated, the owner, through foreclosure of the property. Federated's reason for nonpayment is the existence of federal tax liens against TAB and JVB. Through letters received from the Internal Revenue Service ("IRS"), Federated was prohibited from disbursing any funds that were due or might become due to TAB or JVB. Federated maintains that summary judgment is premature because the priority of the federal tax liens is unclear.

In addition to the money owed for the materials, the plaintiff seeks interest on that amount (at the rate of $23.57 per diem from November 20, 1986), plus costs and expenses totaling $470, and attorneys' fees of $15,310. Federated claims that it is willing to pay the cost of the materials plus interest to the plaintiff, but it has made no tender either to the plaintiff or to the court. The issues presented are whether the notice of federal tax liens against TAB and JVB bar a grant of partial summary judgment and whether, on the evidence before it, the court can grant the amount of attorneys' fees requested by the plaintiff as reasonable.

### Findings of Fact

Many of the facts in this case are undisputed. Consequently, the court finds the following to be true:

The plaintiff, V–Line, is an Indiana corporation with its principal place of business in Indianapolis, Indiana. The defendant, Federated, is a citizen of Ohio, the state of its principal place of business, and of Delaware, its state of incorporation; the defendant, JVB, is a citizen of New York, its state of incorporation and principal place of business. At all times relevant to Count I, Federated and JVB were corporations doing business within the State of Indiana.

At all times relevant to this action Federated was the owner in fee simple of the real estate commonly known as Lazarus Department Store, 6020 East 82nd Street, Indianapolis, Indiana. JVB was under contract with TAB, which had contracted with Federated to remodel the Lazarus store. TAB has since assigned all of its rights under its contract with Federated to JVB.

In connection with the remodeling contract for the project, TAB and JVB had authority to execute subcontracts for labor, services and materials and to inspect and accept such materials delivered pursuant to such subcontracts. Pursuant to this authority, JVB ordered drywall and related materials from V–Line. JVB took delivery of the materials for use at the real estate. All of the materials supplied by V–Line to JVB were reasonably necessary for and were actually used in the construction of improvements at the project, and all of the materials supplied by V–Line were satisfactory and were not defective in any manner. The last day materials were furnished by V–Line to JVB was October 20, 1986. The reasonable value of the materials supplied by V–Line to JVB for use at the project is $107,516.49.

On November 17, 1986, within sixty (60) days from the time V–Line last furnished

materials to the project, V–Line filed a Notice of Intention to Hold Mechanic's Lien with the Marion County, Indiana, Recorder's Office, directed at the real estate in question. A duplicate of the notice was mailed to Federated first class, on the date of filing. The court has before it no evidence of a federal tax lien filed in the Marion County Recorder's against the property in question.

The Plaintiff filed the present action on February 26, 1987. V–Line has documented, and Federated has not disputed, the cost owing for the materials; however, V–Line's sole documentation as to the other amounts claimed is an affidavit of counsel to the effect that such sums are due and that the attorneys' fees are reasonable.

### Conclusion of Law

As recounted above, the defendant, Federated, resists payment of the mechanic's lien because it asserts that such action would violate the explicit instructions issued to it by the IRS not to disburse funds due or to become due to TAB or JVB. The plaintiff, V–Line, argues that its mechanic's lien has priority and is not affected by the IRS directive to Federated. After an analysis of both statutory and case law in this area, the court concludes that the plaintiff is entitled to judgment on its mechanic's lien against Federated.

The starting point is to determine whether the plaintiff complied with the requirements of the Indiana Mechanic's Lien statute, Indiana Code section 32–8–3–1, et seq. Indiana Code section 32–8–3–1 provides that:

> [A]ll ... persons ... furnishing materials ... used, for the erection, altering, repairing or removing any house, mill, manufactory, or other building, ... or other structures, ... may have a lien separately or jointly upon the house, mill, manufactory or other building, ... for which they may have furnished materials or machinery of any description, and, on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any ... material furnished, ...

and should the person, firm, or corporation be in failing circumstances the above-mentioned claims shall be preferred debts whether claim or notice of lien has been filed or not.

Ind.Code Ann. § 32–8–3–1 (West 1979).

Indiana Code section 32–8–3–3 (Notice of intention to hold lien; filing) states that:

> Any person who wishes to acquire a lien upon any property ... shall file in the recorder's office of the county at any time within sixty (60) days after performing such labor or furnishing such materials or machinery described in section 1 of this chapter, [section 32–8–3–1] a sworn statement in duplicate for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any of such lot or land on which the house, mill, manufactory or other buildings ... or other structure may stand or be connected with or to which it may be removed.... The recorder shall mail first class one (1) of the duplicates to the owner named in such notice within three (3) business days after recordation....

Ind.Code Ann. § 32–8–3–3 (West Sup.1987)

Indiana Code section 32–8–3–6 (Enforcement of lien) provides that:

> Any person having such lien may enforce the same by filing his complaint in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situated, at any time within one (1) year from the time when said notice has been received for record by the recorder of the county.... If said lien be foreclosed as herein provided, the court rendering judgment shall order the sale to be made, and the officers making the sale shall sell the property, without relief whatever from valuation or appraisement laws.

Ind.Code Ann. § 32–8–3–6 (West 1979).

■ From the evidence before it, this court determines that V–Line has complied with the requirements of the Indiana Code and that V–Line's lien against the property in question is valid. V–Line has performed

the requisite notice and filing procedures and has also satisfied the requirements regarding the materials furnished as described in *Stanray Corp. v. Horizon Construction, Inc.,* 168 Ind.App. 164, 342 N.E. 2d 645 (1976):

(1) the materials must be sold to the property owner or his agent for that purpose; (2) the materials must be furnished for the purpose of being used in constructing the particular improvement; (3) the improvement must have been authorized by or consented to by the property owner; and (4) the materials must have actually been used in the construction.

342 N.E.2d at 653. (Materials actually delivered are presumed to have been used in the building. *See, Templeton v. Sam Klain & Son., Inc.,* 425 N.E.2d 89 (Ind. 1981).) The contractors, acting as agents, succeeded in binding the owner for payment of the materials delivered. Thus, V–Line holds a valid lien in its favor. The only question, pressed by the defendant, is whether the Notice of Federal Tax Lien in any way precludes the plaintiff's recovery on the mechanic's lien.

It should be noted that the United States is not a party to this suit, and despite the defendant Federated's protestations about not knowing the effect of the IRS Notice of Lien, it has made no efforts to bring the Government into this suit.

■ The federal statute suggests that the notices to Federated of the tax liens against TAB and JVB are insufficient to prohibit the disbursement of funds from Federated directly to V–Line for amounts owed to V–Line on account of materials used in the construction project. The provision of a lien for taxes is set forth in 26 U.S.C.A. § 6321 (West 1967):

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The statute further provides that:

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, *mechanic's lienor,* or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

26 U.S.C.A. § 6323(a) (West Supp.1987) (emphasis added).

Section 6323(f) provides that:

The notice referred to in subsection (a) shall be filed—

(A) Under State laws.—

(i) Real property.—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the law of such State, in which the property subject to the lien is situated. . . .

26 U.S.C.A. § 6323(f) (West Supp.1987).

The applicable Indiana provision states that:

This section applies to a lien arising under ... any other federal lien on real property provided for in the statutes or regulations of the United States. In order for a lien covered by this section to be perfected, notice of the lien must be filed in the office of the recorder of the county in which the real property subject to the lien is located.

Ind.Code Ann. § 36–2–11–25 (West Supp. 1987).

Because the court has no evidence before it that the federal government has filed a tax lien against the property in question with the Marion County, Indiana, Recorder, the Government would lose a priority contest to this mechanic's lienor upon foreclosure, if, in fact, the Government were a party. Moreover, case law tends to support the proposition that the Government would not be entitled to the money owed to V–Line as a result of the delivery and use of the materials in the construction project. As the Supreme Court framed the issue,

[t]he threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had "property" or "rights to property" to which the tax lien could attach. In answering that

question, both federal and state courts must look to state law, for it has long been the rule that "in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property ... sought to be reached by the statute."

*Aquilino v. United States*, 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960) (quoting *Morgan v. Commissioner*, 309 U.S. 78, 82, 60 S.Ct. 424, 426, 84 L.Ed. 585 (1940)).

In other words, if the amounts owed to V–Line are deemed property of the defaulting contractors, then the Government's lien would attach to that property. Indiana case law suggests that such is not true here. In *American National Bank & Trust Co. v. St. Joseph Valley Bank*, 180 Ind.App. 546, 391 N.E.2d 685 (1979), the court stated that a contractor was not entitled to keep payments made pursuant to a construction contract without performing its part. *Id.*, 391 N.E.2d at 687. The court defined a debt as a specific sum of money due from one person to another, denoting not only the obligation of the debtor to pay, but the right of the creditor to receive and enforce payment. *Id.* The conditional aspect of the mutual promises that form a contract prevents the occurrence of debt when one party to the contract defaults since neither party can enforce the other's promise without performing his own. *Id.* Thus, in the present case, since the contractors defaulted on the project, no debt is owed to it on account of the contract (although the contractor could sue in quantum meruit for work actually performed), and any sums owed on account of materials furnished by V–Line are not the property of TAB or JVB.

Similarly, in a case involving competing liens to a retainage fund on a construction contract, the District Court for the Northern District of Indiana found that where, under the contract, such a fund is withheld from the contractor until work is completed, the contractor is not entitled to the fund until creditors with claims against the property owner are satisfied. The court recognized that payment to all subcontractors is as much a part of the contract as performance, relieving the owner of any possible or potential double liability under Indiana lien law. *Youngstown Sheet & Tube Co. v. Patterson–Emerson–Comstock of Indiana*, 227 F.Supp. 208, 211 (1963). The court said, further, that since title to the retained funds remained with the owner, the United States, standing in the position of the contractor, would have no greater right to the fund than the contractor had. *Id.* at 211–12. This would suggest that, in the present case, were the United States a party to this suit, its Notice of Lien to Federated would not prevent Federated from disbursing funds in order to pay V–Line for materials provided and used in the project.

### Attorneys' Fees

Federated seeks to avoid a judgment for attorneys' fees by claiming that it has been ready, willing and able to pay the amount due in full, but for the confusion caused by the tax lien notices. However, in addition to making no effort to bring the Government into this litigation, Federated has also failed to tender the payment, and it has not brought the money to this court in defense of its position. Consequently, Federated cannot avoid the payment of attorneys' fees. *Romona Oolitic Stone Co. v. Weaver*, 49 Ind.App. 368, 97 N.E. 441 (1912).

The amount of attorneys' fees is another question. The plaintiff has only presented conclusory affidavits of the total amount of fees it believes it is due. Indiana courts do not favor such self-serving statements concluding a total amount. *Parrish v. Terre Haute Savings Bank*, 438 N.E.2d 1 (Ind. App.1982). The amount of the fee is a question of fact which should be determined after consideration of the amount of work done, its necessity and appropriate billing rates. *Drost v. Professional Building Service Corp.*, 176 Ind.App. 172, 375 N.E.2d 241 (1978). A hearing will be held on the amount of attorneys' fees that should be awarded on January 26, 1988, at 2:00 p.m. in Room 307 of the U.S. Courthouse. Counsel for the plaintiff would be

advised to submit a sworn itemization of all costs, time expended (including what work was performed) and the hourly rates of compensation sought in advance of the hearing. This judgment will be amended following the hearing on attorney fees.

### PARTIAL SUMMARY JUDGMENT

The court having this day filed its finding of fact and conclusions of law with respect to plaintiff's motion for partial summary judgment, and being duly advised in the premises and having considered the pleadings, memoranda, affidavits and exhibits submitted by the parties, now finds said motion should be GRANTED.

The court further finds that there is no just reason for delay in the entry of final judgment with respect to Count I of the complaint, and expressly directs that the following judgment be and is hereby so entered. This judgment is subject to amendment as indicated in the finding of fact and conclusions of law to add attorneys' fees following a hearing on that subject.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover judgment as follows:

1. Plaintiff's motion for partial summary judgment with respect to Count I of plaintiff's complaint is hereby GRANTED and judgment against defendant Federated Department Stores, Inc., is hereby GRANTED in the sum of $108,986.49 plus accrued interest at the rate of eight percent (8%) or $23.57 per diem from November 20, 1986 to the date hereof as follows:

| | |
|---|---|
| Principal | $107,516.49 |
| Expenses and Costs | 470.00 |
| | 108,986.49 |

Plus Interest which has accrued since November 20, 1986, at the rate of $23.57 per diem

and the mechanic's lien against the real estate is hereby foreclosed. Interest on this judgment amount shall be computed at the rate of twelve percent (12%) per annum.

2. The real estate, located in Marion County, Indiana, and more particularly described as follows:

Part of the Northwest Quarter of Section 22, Township 17, Range 4, Beginning 1,399.38 feet West 1,430.21 North of the Southeast corner; West 143.00 feet North irregular 1,468.62; East 738.14 feet South irregular 1,182.58 feet; South 148.00 feet; West 143.00 feet to beginning, containing 15.298 acres. Parcel # 4018711,

commonly known as Lazarus Department Store, 6020 East 82nd Street, Indianapolis, Indiana, and all rights, titles and interest of defendant, Federated Department Stores, Inc., and all persons claiming from, under or through said defendant, shall be sold by the United States Marshal in the manner as law provides, without relief from valuation or appraisement laws, and the proceeds thereof shall be applied in the following order:

*First*, to the payment of the costs of this action, accrued ($120.00) and to accrue, together with the costs and expenses of the sale of the real estate; and

*Second*, to the payment of V–Line in the amount of $108,986.49, plus interest thereon from November 20, 1986, at the rate of eight percent (8%) or per diem to the date hereof.

3. If the proceeds from such sale shall not be sufficient to satisfy any part of this judgment after the sale, interest shall continue to accrue on the part remaining unsatisfied at the rate of 12% per annum, or at the maximum rate permitted by law, if less, from and including the date of sale until paid, and the United States Marshal shall forthwith proceed to levy the residue of the other property of Federated Department Stores, Inc.

4. Immediately after the sale, the United States Marshal shall execute and deliver to the purchaser a deed of conveyance to the real estate sold hereunder, if not previously redeemed by Federated, and Federated shall immediately deliver possession thereof to the purchaser upon demand and exhibition of such deed, and in the event Federated refuses to fully and peacefully

surrender possession of the real estate, the United States Marshal shall forthwith vacate the real estate and give full and peaceful possession thereof to the purchaser.

## ON MOTION FOR ATTORNEY FEES

This matter comes before the court following the entry of partial summary judgment on January 15, 1988, for a hearing on attorney fees in this cause.

■ The court, having considered the memoranda, affidavits, exhibits, hearing brief and testimony submitted by the parties with respect to plaintiff V–Line Corp.'s ("V–Line") request for attorneys' fees, now finds said motion should be GRANTED.

The court finds that the evidence shows that the number of hours of legal services rendered by the attorneys for the plaintiff and the various hourly rates, as shown by the affidavits of said attorneys and staff, were and are reasonable in the prosecution of this action. Based on 221 hours of legal services, including the services of the firm's paralegal, at the rates set forth in the affidavits, a reasonable fee in this case would be the sum of $18,307.00.

The court further finds that there is no just reason for delay in the entry of final judgment with respect to Count I of the complaint, and expressly directs that the following amended judgment be and is hereby so entered.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff shall have and recover judgment as follows:

1. Plaintiff's motion for partial summary judgment with respect to Count I of plaintiff's complaint as GRANTED on January 15, 1988, and judgment against defendant Federated Department Stores, Inc., as GRANTED on January 15, 1988, in the sum of $108,986.49 plus accrued interest at the rate of eight percent (8%) or $23.57 per diem from November 20, 1986, to January 15, 1988, is hereby amended to allow for attorneys' fees in the amount of $18,307.00, said amended judgment restated to be as follows:

| | |
|---|---:|
| Principal | $107,516.49 |
| Expenses and Costs | 470.00 |
| | $108,986.49 |
| Attorneys' Fees | 18,307.00 |
| | $127,293.49 |

Plus Interest which has accrued since November 20, 1986, at the rate of $23.57 per diem

and the mechanic's lien against the real estate is hereby foreclosed. Interest on this judgment amount shall be computed at the rate of twelve percent (12%) per annum.

2. The real estate, located in Marion County, Indiana, and more particularly described as follows:

Part of the Northwest Quarter of Section 22, Township 17, Range 4, Beginning 1,399.38 feet West 1,430.21 North of the Southeast corner; West 143.00 feet North irregular 1,468.62; East 738.14 feet South irregular 1,182.58 feet; South 148.00 feet; West 143.00 feet to beginning, containing 15.298 acres. Parcel # 4018711,

commonly known as Lazarus Department Store, 6020 East 82nd Street, Indianapolis, Indiana, and all rights, titles and interest of defendant, Federated Department Stores, Inc., and all persons claiming from, under or through said defendant, shall be sold by the United States Marshal in the manner as law provides, without relief from valuation or appraisement laws, and the proceeds thereof shall be applied in the following order:

*First,* to the payment of the costs of this action, accrued ($120.00) and to accrue, together with the costs and expenses of the sale of the real estate; and

*Second,* to the payment of V–Line in the amount of $108,986.49, plus interest thereon from November 20, 1986, at the rate of eight percent (8%) or per diem to the date hereof and attorneys' fees in the amount of $18,307.00.

3. If the proceeds from such sale shall not be sufficient to satisfy any part of this judgment after the sale, interest shall continue to accrue on the part remaining unsatisfied at the rate of 12% per annum, or

**220**

at the maximum rate permitted by law, if less, from and including the date of sale until paid, and the United States Marshal shall forthwith proceed to levy the residue of the other property of Federal Department Stores, Inc.

4. Immediately after the sale, the United States Marshal shall execute and deliver to the purchaser a deed of conveyance to the real estate sold hereunder, if not previously redeemed by Federated, and Federated shall immediately deliver possession thereof to the purchaser upon demand and exhibition of such deed, and in the event Federated refuses to fully and peacefully surrender possession of the real estate, the United States Marshal shall forthwith vacate the real estate and give full and peaceful possession thereof to the purchaser.